IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 1 3 2026

Chanee Tennille Coleman,

Petitioner and Real Party in Interest,     Nathan Ochsner, Clerk of Court

v.

UNITED STATES OF AMERICA, et al.,

Defendants.

Civil Action No. 4:2026-cv-02265

Assigned to: Judge Keith P. Ellison

BILL IN EQUITY FOR CORRECTION OF RECORD, DECLARATION OF TRUE FILING STATUS,

IMPOSITION OF CONSTRUCTIVE TRUST, ACCOUNTING, AND TO COMPEL SPECIFIC

PERFORMANCE

TO THE HONORABLE COURT, SITTING IN EQUITY AND GOOD CONSCIENCE:

Comes now the Plaintiff, **Chanee Tennille Coleman**, and respectfully files this Bill in Equity,

invoking the inherent equitable jurisdiction of this Court, and for cause of action states as

follows:

I. NATURE OF THE BILL

This is a Bill in Equity brought to:

- Correct a material defect in the administrative record,

Notice #62023230-2035.06

- Declare the true nature and status of a filing already accepted and docketed,

- Impose a constructive trust upon the integrity of the record and proceedings,

- Require a full and complete accounting of all administrative actions taken, and

- Compel the specific performance of all ministerial duties owed.

This Bill proceeds not upon speculation, but upon acts already completed, duties already attached, and obligations already owed.

## II. INVOCATION OF EQUITABLE MAXIMS

Plaintiff invokes the controlling maxims of equity:

- Equity regards as done that which ought to be done.

- Equity looks to substance rather than form.

- Equity will not suffer a wrong without a remedy.

- Equity acts in personam and compels performance.

- Equity abhors unjust enrichment.

- He who accepts the benefit must bear the burden.

- Equity requires clean hands and faithful dealing.

These maxims bind not only the parties, but the officers of the Court and the integrity of the record itself.

## III. STATEMENT OF FACTS

1. On March 18, 2026, Plaintiff caused to be filed pleadings initiating this action.

2. The Court, through its Clerk, accepted and docketed said pleadings as Case No. 4:2026-cv-02265 and assigned the matter to Judge Keith P. Ellison.

3. By such acceptance, the action was commenced and jurisdiction attached.

4. The administrative record presently reflects:

   ○ Nature of Suit: "Contract: Other"

   ○ Cause of Action: "28 U.S.C. § 1346 – Breach of Contract"

5. These entries are materially false and inconsistent with the substance of the pleadings.

6. The true nature of the action is:

   ○ **Quiet Title Action**

   ○ Arising under **28 U.S.C. § 2409a – Quiet Title Act of 1972**

7. Plaintiff further submitted an Application to Proceed Without Prepayment of Fees or Costs.

8. Said application invokes judicial determination and is not subject to administrative rejection or alteration.

9. Any interference with the accurate recording, preservation, or presentation of these filings constitutes a breach of duty and a distortion of the record.

Notice #62023230-2035.06

## IV. EQUITABLE GROUNDS

### A. The Record is Held in Trust

The administrative record of this Court is held in trust for the benefit of justice, the parties, and the public.

Where the record is inaccurate, incomplete, or misleading, a breach of that trust arises.

Equity therefore imposes a **constructive trust** upon the record, requiring that it be held, maintained, and corrected in accordance with truth and good conscience.

### B. Acceptance Creates Binding Obligation

The Court, having accepted and docketed the filing, has acted.

Equity binds that act to its consequences:

- The filing is effective

- The action exists

- The record must conform to the filing

To accept and yet mischaracterize is to retain benefit without corresponding burden, which equity forbids.

### C. Ministerial Duties Are Fiduciary in Nature

The Clerk, as custodian of the record, acts in a fiduciary and ministerial capacity.

Such duties include:

Notice #62023230-2035.06

- Faithful receipt of filings

- Accurate recording of filings

- Preservation of substance without alteration

Deviation from these duties constitutes a breach of fiduciary obligation and calls for equitable correction and compulsion.

## D. Accounting is Required Where Duty is Breached

Where a trust relationship exists and discrepancies arise, equity requires an accounting.

An accounting is necessary to determine:

- What was received

- What was recorded

- What was altered or omitted

- What actions were taken affecting the record

Only through such accounting may the record be restored to integrity.

## E. Judicial Authority Must Be Preserved

The Application to Proceed Without Prepayment of Fees or Costs invokes judicial discretion.

Equity forbids any administrative action that interferes with, obstructs, or substitutes for that judicial function.

The pathway to the Court must remain open, unobstructed, and intact.

Notice #62023230-2035.06

## F. Equity Compels Specific Performance

Where duties are clear and defined, equity compels their performance.

The correction of the record, preservation of filings, and proper presentation of applications are not optional acts—they are required acts.

Equity therefore commands performance where duty exists.

## V. NOTICE OF ACCEPTANCE AND DEMAND FOR PERFORMANCE

Plaintiff hereby gives notice that all notices, orders, and communications issued in this matter are accepted and returned for full settlement and offset of any asserted charges, for closure of any accounting.

Notice is further given to all accommodation parties to any instruments arising from this matter that:

- Duties are present

- Obligations are fixed

- Performance is required

Such performance is hereby demanded within seven (7) days of receipt of this Bill.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff, in equity and good conscience, prays that this Honorable Court:

1. Order and decree that the administrative record be corrected to reflect:

    - Nature of Suit: Quiet Title Action

- Cause of Action: 28 U.S.C. § 2409a – Quiet Title Act

2. **Declare** that the action has been duly filed, commenced, and remains pending.

3. **Impose a constructive trust** upon the administrative record, requiring its maintenance in truth and accuracy.

4. **Order a full accounting** of all administrative actions taken with respect to Plaintiff's filings.

5. **Compel specific performance** of all ministerial duties by the Clerk and all officers of the Court.

6. **Direct** that the Application to Proceed Without Prepayment of Fees or Costs be presented to the Court for determination without interference.

7. **Enjoin** any further administrative acts that exceed ministerial authority or preempt judicial function.

8. **Grant** such other and further relief as equity and good conscience require.

## VII. CONCLUSION

Equity will not permit the record to stand in error.

Equity will not permit duty to go unperformed.

Equity will not permit substance to be displaced by form.

The record must be corrected.

The duties must be performed.

The process must proceed.

Notice #62023230-2035.06

This Bill is brought so that truth governs the record,

so that conscience governs the action,

and so that justice is not hindered by omission, error, or neglect.

Respectfully submitted this 30th day of March, 2026,

Date: March 31, 2026

Respectfully submitted,

By: _____

Chanee Coleman, without prejudice
15538 Kiplands Bend Drive
Houston, Texas [77014-1535]
Ph: (832) 675-2663
All rights reserved

Notice #62023230-2035.06