IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**Chanee Tennille Coleman,**

Petitioner and Real Party in Interest,

v.

**UNITED STATES OF AMERICA ET AL.,**

Defendants.

United States Courts
Southern District of Texas
F I L E D

MAY 2 8 2026

Nathan Ochsner, Clerk of Court

Civil Action No. 4:26-cv-02265

## NOTICE TO SEAL FILINGS AND SUPPORTING STATEMENT

Petitioner respectfully moves this Court for an Order permitting the filing under seal of all documents filed by Petitioner in this matter.

The common-law right of access to judicial proceedings, while recognized as an important component of public confidence in the judiciary, has never been absolute, unlimited, or mechanically applied without regard to competing constitutional, equitable, procedural, and institutional considerations. The jurisprudence of the Supreme Court of the United States and the federal appellate courts consistently demonstrates that public access is a qualified presumption subject to balancing, context, and judicial discretion.

A faithful reading of federal precedent reveals that courts have repeatedly distinguished between:

- judicial records integral to adjudication of substantive rights,

- ancillary discovery materials,

- confidential commercial information,

Notice #62020150-1102.01

- private communications,

- protected personal matters,

- and documents exchanged or filed pursuant to protective mechanisms authorized under Rule 26(c) of the Federal Rules of Civil Procedure.

The governing authorities do not establish an inflexible mandate requiring unrestricted public exposure of every filing, communication, or proceeding appearing within a judicial docket. Rather, the cases recognize that modern litigation frequently depends upon structured confidentiality in order to function fairly, efficiently, and constitutionally.

Federal jurisprudence repeatedly acknowledges that:

- discovery secrecy often exists because civil litigation would become impracticable without it;

- parties disclose sensitive information in reliance upon court-approved confidentiality protections;

- protective orders serve important administrative and equitable functions;

- and courts retain continuing supervisory authority to preserve fairness, prevent abuse, and protect legitimate privacy and reliance interests.

The authorities further recognize that materials exchanged privately in discovery do not automatically become public judicial records merely because they are referenced within litigation. Instead, the strength of the public-access presumption varies according to the degree to which the materials materially influence judicial resolution of substantive rights.

Notice #62020150-1102.01

Accordingly, courts are required to balance:

- the public's generalized interest in transparency and oversight,

  against

- legitimate confidentiality interests involving privacy, safety, trade secrets, reputational harm, proprietary information, due process concerns, reliance interests, and the orderly administration of justice.

The applicable precedents repeatedly caution against selective quotation of generalized statements concerning openness while omitting the equally controlling limitations recognized by the same decisions. The governing cases expressly acknowledge that:

- the right to inspect and copy judicial records is not absolute;

- discovery materials are often exempt from broad public-access doctrines;

- Rule 26(c)'s good-cause standard governs many confidentiality determinations;

- protective orders are neither meaningless nor automatically extinguished upon filing;

- and courts must conduct contextual, fact-specific balancing supported by articulated findings.

The institutional purpose underlying these doctrines is not secrecy for its own sake, but preservation of the judiciary's dual obligations:

- maintaining public legitimacy through appropriate transparency,

  while simultaneously

Notice #62020150-1102.01

- preserving judicial functionality through controlled confidentiality where equity, fairness, due process, or substantial justice require protection.

Indeed, the closer a document or proceeding moves toward adjudication of substantive rights, the stronger the presumption of access may become; however, even then, federal law recognizes that sealing, redaction, restricted access, or protective limitations may remain appropriate where sufficiently compelling equitable, procedural, constitutional, or governmental interests exist.

Federal courts have repeatedly recognized that unrestricted disclosure may:

- impair fair adjudication,

- compromise privacy and safety interests,

- undermine reliance upon judicial assurances,

- expose proprietary or confidential matters,

- chill candor in litigation,

- encourage misuse of judicial processes,

- and impair the integrity of judicial administration itself.

The Supreme Court has never established a categorical rule prohibiting sealing of proceedings or records where equity, due process, substantial justice, confidentiality interests, or institutional integrity warrant protection. To the contrary, federal courts retain inherent supervisory authority over their own records, proceedings, and docket administration.

Notice #62020150-1102.01

Thus, neither absolute openness nor absolute secrecy governs. The controlling inquiry is functional, contextual, equitable, and grounded in balancing competing constitutional and institutional interests under the particular circumstances presented.

Where disclosure threatens irreparable harm, undermines due process, compromises protected interests, interferes with equitable adjudication, or risks substantial prejudice incapable of later remedy, courts possess both the authority and the obligation to fashion appropriate protective relief, including:

- sealing orders,

- restricted docket access,

- protective orders,

- in camera review,

- redaction,

- and other narrowly tailored equitable safeguards.

Accordingly, where a party demonstrates that unrestricted public access would materially impair substantial rights, defeat the interests of justice, compromise protected interests, or undermine the fair administration of proceedings, equitable principles support sealing or restricted access measures tailored to preserve both judicial integrity and procedural fairness.

No controlling decision of the Supreme Court of the United States establishes a universal prohibition against such equitable relief. Rather, the governing precedents consistently

Notice #62020150-1102.01

recognize that courts possess continuing discretion and inherent equitable authority to protect proceedings and records where justice so requires.

**VERIFIED DECLARATION**

(28 U.S.C. § 1746)

I, **Chanee Coleman,** declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Resepctfully,

By: _____

Chanee Coleman

15538 Kiplands Bend Drive

Houston, Texas  [77014-1535]

Ph: (832) 675-2663

email: chanee.coleman@gmail.com

Date: May 12, 2026.