IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**Chanee Tennille Coleman,**

Petitioner and Real Party in Interest,

v.

United States Courts
Southern District of Texas
FILED

MAY 28 2026

Nathan Ochsner, Clerk of Court

**PRESIDENT OF THE UNITED STATES OF AMERICA,** in his official and individual capacity;

**UNITED STATES OF AMERICA,** acting through the Secretary of Housing and Urban Development and additionally acting through the Federal Reserve System, Federal Reserve Board of Governors and United States Postal Service;

**STATE OF TEXAS,** acting through its Attorney General, Texas Department of Housing and Community Affairs Governing Board and Executive Dirctor, and other relevant regulatory authorities;

**FEDERAL RESERVE BOARD OF GOVERNORS,**

**FEDERAL RESERVE SYSTEM,**

**HARRIS COUNTY GOVERNMENT,**

**CITY OF HOUSTON,**

**"P.C.F. INVESTMENTS, INC."** (Forfeited existence as of May 16, 2024) **d/b/a/ "P.C.F. PROPERTIES IN TX, LLC",**

**ANTHONY HALARIS,**

**RACHANEE HALARIS,**

**IDAHO HOUSING AND FINANCE ASSOCIATION,** individually and as alleged mortgagee or servicer,

**Gexa Energy, LP,**

**Bammel Village Homeowners Association, Inc.;**

Notice #62020150-1102

and

**ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY RIGHT, TITLE, OR INTEREST** in the real property described herein,

Defendants.

Civil Action No. 4:26-cv-02265

## VERIFIED FIRST AMENDED PETITION

**BILL IN EQUITY TO QUIET TITLE, FOR DECLARATORY RELIEF, EQUITABLE REDEMPTION, RESCISSION, CANCELLATION OF INSTRUMENTS, ACCOUNTING, CONSTRUCTIVE TRUST, EQUITABLE ESTOPPEL, EQUITABLE SUBROGATION, TEMPORARY RESTRAINING ORDER, TEMPORARY INJUNCTION, PERMANENT INJUNCTION, AND ANCILLARY MATTERS**

**NOTICE OF ACCEPTANCE AND DEMAND FOR PERFORMANCE WITHIN FOURTEEN (14) DAYS**

Petitioner invokes the equitable jurisdiction of this Court pursuant to 28 U.S.C. §§ 1346(f), 2409a, 1367, and 2201, the Quiet Title Act of 1972 (Public Law No. 92-562, 86 Stat. 1176), the Federal Rules of Civil Procedure, the Federal Rules of Evidence, applicable provisions of Texas law, and long-established principles of equity recognized by the Supreme Court of the United States and the courts of the State of Texas.

I. NATURE OF THE ACTION

1. This is a civil action in equity under the Quiet Title Act of 1972 concerning disputed title to real property commonly known as:

15538 KIPLANDS BEND DRIVE

HOUSTON, HARRIS COUNTY, TEXAS 77014-1535, and legally described as: "The land

Notice #62020150-1102

referred to in this document is situated in the CITY OF HOUSTON, COUNTY OF HARRIS, STATE OF TEXAS, and described as follows: LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS."

(the "Subject Property") wherein the United States claims an interest.

2. The action seeks adjudication of the validity, priority, and extent of competing interests asserted against the Subject Property.

3. The Petition further seeks equitable relief including:

- quiet title,

- equitable redemption,

- rescission and cancellation of instruments,

- accounting of debt and foreclosure proceeds,

- declaratory relief determining legal rights in the property,

- temporary restraining orders,

- temporary and permanent injunctive relief,

- constructive trust,

- equitable estoppel,

- equitable subrogation, and

- other equitable remedies necessary to remove the cloud upon title.

Notice #62020150-1102

4. The controversy arises from foreclosure proceedings and asserted mortgage interests that conflict with Petitioner's claimed property interests and possessory rights.

## II. JURISDICTION AND VENUE

5. Jurisdiction is invoked pursuant to:

• 28 U.S.C. § 1346(f) — jurisdiction over civil actions involving claims to real property in which the United States claims an interest;

• 28 U.S.C. § 2409a — the Quiet Title Act;

• 28 U.S.C. § 1367 — supplemental jurisdiction;

• 28 U.S.C. § 2201 — declaratory judgment jurisdiction.

6. This action arises under the Quiet Title Act of 1972, which authorizes suits to adjudicate real property title disputes involving federal interests.

7. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391 because the Subject Property lies within this District.

8. The United States District Court possesses exclusive original jurisdiction to adjudicate claims wherein the United States claims an interest in real property pursuant to the Quiet Title Act and related authorities; see ***Block v. Board of School Lands, 461 U.S. 273 (1983)***" attached as "Exhibit A".

## III. PARTIES

9. Petitioner Chanee Tennille Coleman is the occupant and real party in interest asserting possessory, equitable, and claimed title interests in the Subject Property.

10.    The United States of America is named because federal agencies claim or may claim interests in the Subject Property through federal housing programs, federal tax interests, and foreclosure-related conveyance procedures. Additionally, the President of the United States claims an interest in the Subject Property through the Emergency Banking Act, Trading with the Enemy Act and all other applicable and relevant Acts of Congress and Executive Orders.

11.    The Secretary of Housing and Urban Development is implicated because the Subject Property is represented to be associated with a Federal Housing Administration insured mortgage loan.

12.    According to foreclosure correspondence received by Petitioner, the property is expected to be conveyed to Idaho Housing and Finance Association and thereafter transferred to the Secretary of Housing and Urban Development.

13.    Idaho Housing and Finance Association is identified as the mortgagee or servicer claiming entitlement to foreclose upon the Subject Property.

14.    Bonial & Associates, P.C. is the law firm transmitting foreclosure notices and acting as debt collector in connection with the alleged mortgage obligation.

15.    The State of Texas is joined because state statutory frameworks, recording systems, and enforcement mechanisms affect the alleged mortgage and foreclosure interests asserted against the property.

16.    The Chairman of the Securities and Exchange Commission, or a majority of the Commissioners, are joined to the extent that the alleged mortgage loan may have

Notice #62020150-1102

been securitized or included in investment instruments governed by federal securities laws.

17.    The Internal Revenue Service is joined because the United States, acting through the Internal Revenue Service, has not disclaimed any alleged federal tax-related interest or any statutory right of redemption that may exist concerning the Subject Property.

18.    The Federal Reserve System and Board of Governors of the Federal Reserve System are referenced to the extent Petitioner alleges systemic, regulatory, securitization, lending, or financial interests potentially connected to the Subject Property and related mortgage instruments.

19.    P.C.F. Properties in TX, LLC is identified as an entity claiming ownership of the Subject Property through a foreclosure-related acquisition.

20.    Anthony Halaris, identified in correspondence as "Director of its Managing Member" of P.C.F. Properties in TX, LLC, is identified as a person acting on behalf of said entity in relation to the Subject Property.

21.    Additional unknown persons or entities claiming interests through assignments, securitization, foreclosure proceedings, or conveyances are joined to ensure complete adjudication.

## IV. FACTUAL ALLEGATIONS

### A. Concrete and Particularized Injury

22.     Petitioner occupies the Subject Property and asserts possessory and equitable interests therein.

23.     Petitioner has received communications alleging the existence of a mortgage loan secured by the Subject Property.

24.     Petitioner disputes the existence, enforceability, validity, priority, and/or present ownership of any deed of trust or other instrument securing indebtedness against the property.

25.     The asserted foreclosure proceedings and related notices have resulted in:

• threat of dispossession,

• impairment of property interests,

• damage to property rights and occupancy status, and

• creation of a continuing cloud upon title.

26.     These injuries are personal, concrete, and particularized.

### B. Debt Collection and Foreclosure Notices

27.     On January 17, 2026, Petitioner received correspondence from Bonial & Associates, P.C. asserting collection of a mortgage debt on behalf of Idaho Housing and Finance Association.

28.     The correspondence claimed an alleged loan balance exceeding $149,000 and demanded dispute of the debt within a specified period.

Notice #62020150-1102

29.    Petitioner disputes the validity of the alleged debt and asserts that no lawful instrument secures such indebtedness against the Subject Property.

30.    On February 16, 2026, Petitioner received an additional notice stating that foreclosure proceedings were underway and that the property would likely be conveyed to Idaho Housing and Finance Association and subsequently transferred to the Secretary of Housing and Urban Development.

31.    On or about May 9, 2026, Petitioner received a document styled "FORMAL NOTICE TO VACATE" from P.C.F. Properties in TX, LLC, signed by Anthony Halaris, Director of "P.C.F. INVESTMENTS, INC." (Forfeited existence as of May 16, 2024).

32.    The notice alleged that the Subject Property had been foreclosed upon at a trustee sale and demanded that Petitioner vacate the premises within three (3) days.

33.    The notice further asserted that P.C.F. Properties in TX, LLC is the "new owner" of the Subject Property and threatened a forcible detainer action and claims for damages, attorney's fees, and court costs.

34.    Petitioner immediately stamped the correspondence "Accepted," signed, and dated the same, and returned the correspondence accompanied by a Notice of Acceptance and Demand for Performance by Anthony Halaris within fourteen (14) days.

35.    Petitioner disputes the validity, priority, enforceability, and legal effect of the alleged foreclosure, trustee sale, conveyance, and asserted ownership interests.

Notice #62020150-1102

## C. Federal Housing Administration Interest Framework

36.     The February notice states that the Subject Property is associated with a Federal Housing Administration insured mortgage program.

37.     Under FHA procedures, properties acquired through foreclosure may be conveyed to the Secretary of Housing and Urban Development.

38.     The notice further asserts that HUD requires properties conveyed to the Secretary to be vacant.

39.     These assertions indicate that the United States claims or may claim an interest in the Subject Property through federal housing program mechanisms.

40.     The United States of America, through the Secretary of Housing and Urban Development, has not disclaimed any interest in the Subject Property.

## D. Securities-Related Interests

41.     Mortgage loans insured by federal programs are frequently pooled into mortgage-backed securities regulated under federal securities laws.

42.     If the alleged loan associated with the Subject Property has been securitized, federal securities regulatory interests may exist concerning the loan and its servicing.

## E. State Interests

43.     The State of Texas maintains regulatory oversight of real property recording systems, foreclosure procedures, and lending practices affecting the Subject Property.

44.    The State's statutory framework and judicial precedents govern the enforcement of foreclosure and mortgage claims affecting Texas real property.

45.    Petitioner alleges that the Harris County District Clerk and Harris County Sheriff were provided notice of pending federal quiet title proceedings and requests for injunctive relief.

46.    Petitioner further alleges that despite such notice, actions related to foreclosure and dispossession proceeded or were not halted.

F. Federal Tax and Redemption Interests

47.    Upon information and belief, the Internal Revenue Service has not waived or disclaimed any statutory redemption interests or federal interests potentially affecting the Subject Property.

48.    Petitioner asserts that unresolved federal interests further support federal jurisdiction and equitable intervention.

G. Causation

49.    Petitioner's injuries arise from:

• asserted mortgage claims,

• foreclosure notices,

• threatened transfer of property to federal authorities,

• threatened eviction,

• claims of ownership by third parties, and

• competing claims of ownership or security interests.

Notice #62020150-1102

## H. Redressability

50.    Judicial determination of the validity, priority, and extent of the competing interests will remove the cloud upon title.

51.    Equitable relief will clarify the legal relations of the parties and prevent multiplicity of litigation.

## V. CLAIM FOR RELIEF — QUIET TITLE

52.    Petitioner incorporates the foregoing allegations.

53.    A substantial and actual controversy exists regarding lawful title to the Subject Property.

54.    Petitioner asserts a cognizable property interest under Texas law.

55.    Defendants assert or may assert adverse claims affecting the title.

56.    These competing claims constitute a present cloud upon title within the meaning of the Quiet Title Act.

## VI. EQUITABLE REDEMPTION

57.    Petitioner seeks equitable redemption to the extent foreclosure prerequisites were not satisfied or equity otherwise permits relief.

58.    Equity disfavors forfeiture of property rights where statutory safeguards have not been strictly observed.

Notice #62020150-1102

## VII. RESCISSION, CANCELLATION, AND ACCOUNTING

59.     Petitioner seeks rescission of any void or voidable instruments affecting the property.

60.     Petitioner requests cancellation of documents that improperly cloud title.

61.     Petitioner further seeks a full accounting of:

- all alleged loan balances,

- servicing transactions,

- foreclosure proceeds,

- insurance or guaranty payments,

- assignments,

- securitization-related transfers, and

- conveyance instruments.

## VIII. CONSTRUCTIVE TRUST

62.     Where property has been retained or transferred under circumstances rendering continued beneficial ownership inequitable, imposition of a constructive trust is appropriate.

## IX. DECLARATORY RELIEF

63.     Pursuant to 28 U.S.C. § 2201, Petitioner seeks a declaration determining the rights and interests of all parties regarding the Subject Property.

64.     Declaratory relief will resolve the existing controversy and remove the cloud upon title.

Notice #62020150-1102

## X. TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

65.     Petitioner incorporates all preceding allegations.

66.     Petitioner alleges imminent and irreparable injury through threatened eviction, forcible detainer proceedings, dispossession, and transfer of possession before adjudication of the parties' competing interests.

67.     Monetary damages alone are inadequate to remedy the loss of possession, occupancy rights, and alleged constitutional and property interests.

68.     Petitioner seeks a temporary restraining order, temporary injunction, and permanent injunction restraining Defendants and all persons acting in concert with them from:

• conducting eviction proceedings,

• enforcing forcible detainer actions,

• transferring or encumbering the Subject Property,

• interfering with possession of the Subject Property,

• conducting further foreclosure-related activity, and

• taking actions inconsistent with this Court's jurisdiction pending final adjudication.

69.     Petitioner further requests that all parties preserve all documents, communications, accounting records, servicing records, foreclosure records, assignments, notices, and electronically stored information related to the Subject Property.

## XI. JURISDICTIONAL FOUNDATION

### A. Quiet Title Act Waiver

70.     This action is brought within the sovereign-immunity waiver provided in 28 U.S.C. § 2409a.

71.     The United States claims or may claim an interest in the Subject Property through federal housing program mechanisms, federal tax interests, and anticipated conveyance procedures.

### B. Article III Standing

72.     Petitioner alleges:

- a specific property interest,

- concrete injury,

- causal connection to Defendants' conduct, and

- redressability through judicial decree.

### C. Property-Specific Controversy

73.     The Petition presents a property-specific dispute concerning title to a defined parcel of real property.

**NOTICE OF ACCEPTANCE AND DEMAND FOR PERFORMANCE**

**WITHIN FOURTEEN (14) DAYS**

Date: May 9, 2026

Notice #62020150-1102

To:    P.C.F. PROPERTIES IN TX, LLC

6046 FM 2920 RD STE 160

Spring, TX 77379-2542

Attn: Anthony Halaris, Director of its Managing Member

RE: 15538 Kiplands Bend Dr., Houston, Texas 77014-1535

NOTICE IS HEREBY GIVEN that the correspondence entitled "FORMAL NOTICE TO VACATE" dated May 9, 2026, was "Accepted," signed, dated and returned for full settlement and closure of the account.

The undersigned disputes the validity, enforceability, and legal effect of the alleged foreclosure, trustee sale, ownership transfer, and asserted possessory claims concerning the above-referenced property.

The undersigned further asserts that competing federal and equitable interests remain unresolved, including alleged interests involving the United States of America, the Secretary of Housing and Urban Development, and other parties identified in pending federal proceedings.

Accordingly, demand is hereby made that within fourteen (14) days of receipt of this Notice, the responding parties provide:

1. Certified copies of all documents allegedly transferring ownership of the Subject Property;

2. A complete accounting of the alleged debt, foreclosure process, trustee sale, transfers, assignments, and disbursements;

Notice #62020150-1102

3. Documentary proof of authority to enforce any deed of trust, note, assignment, or security interest;

4. Identification of all entities claiming ownership, servicing, beneficiary, trustee, investor, or securitization interests;

5. Documentary evidence supporting the assertion that P.C.F. Properties in TX, LLC lawfully acquired superior title to the Subject Property;

6. Disclosure of any federal insurance, guaranty, reimbursement, indemnification, or governmental claims relating to the Subject Property;

7. Preservation of all records and electronically stored information relating to the Subject Property.

The undersigned reserves all rights, claims, defenses, objections, equitable remedies, and causes of action without waiver.

Nothing contained herein shall be construed as:

• an admission of liability,

• waiver of rights,

• consent to eviction,

• acknowledgment of superior title, or

• relinquishment of possessory or equitable interests.

The undersigned further provides notice that disputed matters concerning title, possession, foreclosure validity, and federal interests are being pursued through judicial proceedings.

Notice #62020150-1102

## PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that the Court:

1. Determine the nature and extent of all claimed interests in the Subject Property;

2. Quiet title consistent with lawful priority;

3. Permit equitable redemption upon proper accounting where appropriate;

4. Rescind and cancel any void or voidable instruments affecting title;

5. Order a full accounting of all sums related to the alleged loan and foreclosure proceedings;

6. Impose a constructive trust where equity requires;

7. Declare the rights and legal relations of the parties;

8. Issue temporary restraining orders, temporary injunctions, and permanent injunctive relief preserving the status quo pending adjudication;

9. Enjoin eviction, forcible detainer proceedings, transfer, conveyance, or encumbrance of the Subject Property pending final judgment;

10.     Award costs and such further equitable relief as justice requires.


## VERIFIED DECLARATION

(28 U.S.C. § 1746)


Notice #62020150-1102

I, **Chanee Coleman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

**I affirm the foregoing as true and correct, without oath, in good faith and conscience.**

Respectfully tendered this 10th day of May, 2026 CE,

By: _____

Chanee Coleman

15538 Kiplands Bend Drive

Houston, Texas  [77014-1535]

Ph: (832) 675-2663

email: chanee.coleman@gmail.com

CERTIFICATE OF SERVICE

A copy of the foregoing filing was mailed via Certified Mail with return receipt requested to the following parties:

(1)    Todd Blanche, Acting Attorney General
       Attorney General of the United States
       U.S. Department of Justice
       950 Pennsylvania Avenue NW
       Washington, DC 20530-0001

Notice #62020150-1102

(2)      Ken Paxton, Attorney General of Texas
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548

(3)      Secretary of Housing and Urban Development
The Associate General Counsel for Litigation
Office of Litigation
U.S. Department of Housing and Urban Development
451 Seventh Street, S.W.
Washington, DC 20410

(4)      Harris County Judge Lina Hidalgo
1001 Preston, Suite 911
Houston, Texas 77002

(5)      Troy D. Lemon, City Secretary
Office of the City Secretary
City of Houston
900 Bagby St, Rm. P101
Houston, TX 77002

(6)      Jerome H. Powell, Chair
Board of Governors of the Federal Reserve System
20th Street and Constitution Avenue N.W.
Washington, D.C. 20551

(7)      U.S. Attorney's Office
Southern District of Texas
1000 Louisiana, Ste. 2300
Houston, TX 77002

(8)      P.C.F. PROPERTIES IN TX, LLC
ATTN: ANTHONY HALARIS, Director of P.C.F. INVESTMENTS, INC.
c/o CORPORATION SERVICE COMPANY d/b/a
CSC-Lawyers Incorporating Service Company, Registered Agent
c/o UNITED STATES CORPORATION COMPANY, Registered Agent
· c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC., Registered Agent
c/o UNITED STATES CORPPORATION COMPANY, Registered Agent

Notice #62020150-1102

211 E. 7th Street, Suite 620
Austin, TX  78701-3218

(9)     IDAHO HOUSING AND FINANCE ASSOCIATION
c/o Bonial & Associates, P.C.
c/o C T Corporation System, Registered Agent
1999 Bryan Street, Suite 900
Dallas, TX 75201

(10)    Gexa Energy, LP
c/o CORPORATION SERVICE COMPANY d/b/a
CSC-Lawyers Incorporating Service Company, Registered Agent
211 E. 7th Street, Suite 620
Austin, TX  78701-3218

(11)    Bammel Village Homeowners Association, Inc.
c/o Goodwin Management, Inc.
11950 Jollyville Road
Austin, TX 78759

By:_____

Date:  May 10, 2026.

Notice #62020150-1102