**NOTICE OF SPECIAL FILING**

United States Courts
Southern District of Texas
F I L E D

MAY 2 8 2026

Nathan Ochsner, Clerk of Court

To:     Marilyn Burgess
        Harris County District Clerk
        P.O. Box 4651
        Houston, Texas 77210-4651

**PLEASE TAKE NOTICE!** I, Chanee Coleman, appearing by special and limited appearance in equity and not appearing generally, have delivered specially with the Clerk of Court on the ninth (9th) day of April, 2026 CE:

1) **NOTICE OF VERIFIED COMPLAINT AND PETITION FOR TEMPORARY RESTRAINING ORDER ; 2) NOTICE OF PETITION FOR TEMPORARY AND PERMANENT INJUNCTION TO RESTRAIN AND ENJOIN SHERIFF'S SALE DATED MAY 5, 2026 ; 3) NOTICE OF DEMAND FOR SERVICE OF PROCESS ON DEFENDANTS TO ALL DEFENDANTS AND THEIR COUNSEL OF RECORD ; 4) APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS AS AN ABORIGINAL AND INDIGENOUS TEXAN WOMAN ; 5) PROPOSED ORDER GRANTING IFP MOTION; 6) PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER ; 7) PROPOSED ORDER GRANTING TEMPORARY INJUNCTION; 8) PROPOSED ORDER GRANTING PERMANENT INJUNCTION; 9)NOTICE OF FILING IN THE OFFICE OF THE SHERIFF FOR HARRIS COUNTY STATE OF TEXAS**

copies of which are attached hereto.

By: _____

Chanee Coleman, without prejudice
15538 Kiplands Bend Drive
Houston, Texas  [77014-1535]
All rights reserved

Notice #62025040-1723

Cover Letter

IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

**Chanee Tennille Coleman,**
Petitioner and Real Party in Interest,

v.

**IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,**
Defendants.

Cause No. _____

## NOTICE OF VERIFIED COMPLAINT AND PETITION FOR TEMPORARY RESTRAINING ORDER

TO ALL DEFENDANTS AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that Petitioner, Chanee Tennille Coleman, has filed a Notice of Verified Complaint and hereby petitions to this Court for issuance of a **Temporary Restraining Order ("TRO")** pursuant to Rule 680 and related provisions of the Texas Rules of Civil Procedure.

## I. BASIS FOR EMERGENCY RELIEF

Petitioner would show that **immediate and irreparable injury, loss, or damage will result before notice can be served and a hearing had** unless this Court grants a Temporary Restraining Order.

The grounds include:

1. **Imminent Foreclosure Sale**

   The Subject Property is scheduled for foreclosure under Notice of Trustee's Sale

Notice #62025040-1723

Page 1 of 6

identified as **FRCL-2026-2072**, with a scheduled sale date of **May 5, 2026**, creating an immediate threat of loss of possession and title.

2. **Cloud on Title and Disputed Interests**

There exists a substantial dispute regarding the validity, priority, and enforceability of any alleged lien, deed of trust, or securitized mortgage interest affecting the Subject Property.

3. **Federal and Competing Claims of Interest**

The Subject Property is represented to be associated with a federally insured mortgage, giving rise to competing claims involving federal and private entities, further clouding title.

4. **Defective Statutory Notice**

Required statutory notice procedures governing foreclosure sales were not properly satisfied, including failure to provide notice in the manner required by Texas law.

5. **Irreversible Transfer of Title**

The foreclosure process contemplates transfer of the Subject Property to third parties, potentially including institutional or governmental entities, which would irreversibly alter ownership before judicial review.

6. **Irreparable Harm**

The threatened loss of real property, possessory rights, and homestead interests constitutes irreparable injury for which there is no adequate remedy at law.

Notice #62025040-1723

## II. LEGAL GROUNDS

This application is supported by:

- Texas Rules of Civil Procedure 680, 681, and 683;

- Texas Rules of Evidence;

- Applicable Texas property law governing wrongful foreclosure and title disputes;

- Equitable principles recognized by Texas courts.

Petitioner has established:

1. A probable right to recovery;

2. A probable, imminent, and irreparable injury;

3. No adequate remedy at law.

## III. SPECIFIC RELIEF REQUESTED

Petitioner respectfully requests that the Court issue a **Temporary Restraining Order**:

1. **Enjoining Defendants**, their agents, attorneys, and all persons acting in concert with them from:

   - Conducting or proceeding with any foreclosure sale of the Subject Property;

   - Enforcing the Notice of Trustee's Sale **FRCL-2026-2072**;

   - Transferring, conveying, or encumbering the Subject Property;

   - Taking any action to dispossess Petitioner;

---

Notice #62025040-1723

2. **Maintaining the Status Quo** pending a hearing on a Temporary Injunction;

3. **Enjoining any sheriff's sale or substitute trustee sale** affecting the Subject Property;

4. Granting all other relief to which Petitioner may be entitled.

IV. DESCRIPTION OF SUBJECT PROPERTY

The real property that is the subject of this action is commonly known as:

**15538 Kiplands Bend Drive**

**Houston, Harris County, Texas 77014-1535**

Legally described as:

"LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS."

V. TIMING OF RELIEF

Petitioner requests that the Temporary Restraining Order:

- Be considered within the time period **not prior to April 22, 2026, and not later than May 4, 2026;**

- Remain in effect for the period authorized under Texas law pending further hearing.

Notice #62025040-1723

## VI. VERIFIED BASIS

Petitioner relies upon the Verified Petition and supporting declaration on file and affirms that the factual allegations are true and correct to the best of Petitioner's knowledge, information, and belief.

## VII. NO ADEQUATE REMEDY AT LAW

Petitioner shows that:

- Real property is unique under Texas law;

- Once sold, title may pass to third parties, complicating recovery;

- Possession and ownership rights cannot be fully restored through monetary damages.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that the Court:

1. Issue a Temporary Restraining Order as requested;

2. Set a hearing for Temporary Injunction;

3. Grant such other and further relief, at law or in equity, to which Petitioner may be entitled.

Respectfully submitted,

Date: April 9, 2026.

By: _____
Chanee Coleman, without prejudice

Notice #62025040-1723

15538 Kiplands Bend Drive
Houston, Texas  [77014-1535]
All rights reserved

Notice #62025040-1723

IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

Chanee Tennille Coleman,

Petitioner and Real Party in Interest,

v.

IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,

Defendants.

Cause No. _____

## PROPOSED ORDER GRANTING TEMPORARY RESTRAINING ORDER

On this day, the Court considered Petitioner Chanee Tennille Coleman's Verified Petition and Application for Temporary Restraining Order (TRO). Having reviewed the pleadings, verified declaration, and relevant law, the Court finds that:

1. Immediate and irreparable injury, loss, or damage will occur if the relief is not granted;

2. Petitioner has demonstrated a probable right to recovery;

3. No adequate remedy at law exists to prevent irreparable harm; and

4. The balance of equities and public interest favor granting the TRO.

IT IS ORDERED THAT:

1. Defendants, their agents, attorneys, and all persons acting in concert with them, are **restrained from conducting, enforcing, or otherwise proceeding with the sheriff's sale scheduled for May 5, 2026**, identified as FRCL-2026-2072;

2. Defendants are **restrained from transferring, conveying, or encumbering the Subject Property**, or taking any action to dispossess Petitioner;

3. This TRO **shall remain in effect until** _____, **2026, or until further order of the Court**, whichever occurs first, unless extended for good cause;

4. The Court may set a hearing on a temporary injunction after appropriate notice.

SIGNED on this \_\_ day of _____, 2026.


_____

JUDGE PRESIDING