IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

United States Courts
Southern District of Texas
FILED

MAY 2 8 2026

Nathan Ochsner, Clerk of Court

**Chanee Tennille Coleman,**

Petitioner and Real Party in Interest,

v.

**IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,**

Defendants.

Cause No. _____

# NOTICE OF PETITION FOR TEMPORARY AND PERMANENT INJUNCTION TO RESTRAIN AND ENJOIN SHERIFF'S SALE DATED MAY 5, 2026

TO ALL DEFENDANTS AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that Petitioner, Chanee Tennille Coleman, has filed a Verified Petition and Application seeking **temporary and permanent injunctive relief** to restrain, enjoin, and halt the scheduled sheriff's sale and any related foreclosure proceedings concerning the real property described herein.

I. NATURE OF RELIEF SOUGHT

Petitioner seeks:

1. A **Temporary Restraining Order (TRO)**;

2. A **Temporary Injunction** following notice and hearing; and

3. A **Permanent Injunction upon final adjudication,**

each prohibiting Defendants and all persons acting in concert with them from proceeding with the sheriff's sale scheduled for **May 5, 2026**, and from taking any action to transfer, convey, or disturb Petitioner's possessory and ownership interests in the Subject Property.

Notice #62025040-1723.01

Page 1 of 5

## II. SUBJECT PROPERTY

The real property that is the subject of this action is commonly known as:

**15538 Kiplands Bend Drive**

**Houston, Harris County, Texas 77014-1535**

Legally described as:

"LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS."

## III. GROUNDS FOR INJUNCTIVE RELIEF

Petitioner shows that injunctive relief is necessary because:

### A. Imminent Sale and Irreparable Harm

The sheriff's sale scheduled for **May 5, 2026** presents an immediate threat of loss of title, possession, and homestead rights, constituting irreparable injury for which there is no adequate remedy at law.

### B. Disputed Title and Cloud on Property

A bona fide dispute exists regarding the validity and enforceability of any alleged lien or mortgage interest asserted against the Subject Property, creating a cloud on title requiring judicial determination.

## C. Defective Notice and Procedural Irregularities

The statutory requirements governing notice of foreclosure and sale were not satisfied in the manner required by Texas law, thereby rendering the threatened sale subject to challenge.

## D. Lack of Authority to Proceed Pending Adjudication

Where substantial disputes exist concerning title and competing interests, equity requires preservation of the status quo until those rights are adjudicated.

## E. Balance of Equities and Public Interest

The threatened injury to Petitioner outweighs any potential harm to Defendants, and maintaining the status quo serves the public interest by ensuring lawful and orderly adjudication of property rights.

## IV. SPECIFIC INJUNCTIVE RELIEF REQUESTED

Petitioner requests that the Court issue orders:

## 1. Temporary Restraining Order

Immediately restraining Defendants, including any sheriff, substitute trustee, mortgagee, servicer, or agent, from:

- Conducting or proceeding with the sheriff's sale scheduled for **May 5, 2026**;

- Enforcing any notice of sale, including **FRCL-2026-2072**;

- Transferring, conveying, or encumbering the Subject Property;

Notice #62025040-1723.01

- Taking any action to dispossess Petitioner.

2. Temporary Injunction

After notice and hearing, continuing such restraints pending final disposition of this action.

3. Permanent Injunction

Upon final adjudication, permanently enjoining Defendants from asserting or enforcing any invalid or unproven interest against the Subject Property and from conducting any foreclosure sale inconsistent with the Court's judgment.

V. PRESERVATION OF STATUS QUO

This application seeks to preserve the status quo of the Subject Property until the Court determines:

- The validity, priority, and extent of all claimed interests;

- The enforceability of any alleged lien or mortgage;

- The rights of possession and title among the parties.

VI. NOTICE OF HEARING

Petitioner requests that the Court set this matter for hearing on the requested Temporary Injunction within the time prescribed by law and that the Court consider issuance of a Temporary Restraining Order within the period:

**Not prior to April 22, 2026, and not later than May 4, 2026.**

Notice #62025040-1723.01

## VII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that Defendants be cited to appear and answer, and that upon hearing:

1. A Temporary Restraining Order be issued immediately;

2. A Temporary Injunction be granted after notice and hearing;

3. A Permanent Injunction be entered upon final trial;

4. The sheriff's sale scheduled for May 5, 2026 be restrained and enjoined;

5. The status quo be preserved; and

6. Petitioner be granted such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted this 9th day of April, 2026.

By: _____

Chanee Coleman, without prejudice
15538 Kiplands Bend Drive
Houston, Texas  [77014-1535]
All rights reserved

Notice #62025040-1723.01

# IN THE DISTRICT COURT OF HARRIS COUNTY
## STATE OF TEXAS

Chanee Tennille Coleman,

Petitioner and Real Party in Interest,

v.

IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,

Defendants.

Cause No. _____

## PROPOSED ORDER GRANTING TEMPORARY INJUNCTION

On this day, the Court considered Petitioner's Verified Petition and Motion for Temporary Injunction. Having received evidence and reviewed pleadings, the Court finds that:

1. Petitioner has shown a probable right to relief;

2. Petitioner will suffer **imminent and irreparable injury** absent injunction;

3. The balance of equities favors maintaining the status quo pending final adjudication; and

4. Notice has been provided or deemed sufficient under TRCP 680 and 681.

IT IS ORDERED THAT:

1. Defendants, their agents, attorneys, and all persons acting in concert with them, are **enjoined from conducting or enforcing the sheriff's sale scheduled for May 5, 2026**, or any foreclosure-related transfer or conveyance of the Subject Property;

2. Defendants are **enjoined from interfering with Petitioner's possession or ownership of the Subject Property**;

3. The injunction shall remain in effect **pending final trial or further order of this Court**;

4. Petitioner shall post any security required by the Court under TRCP 681;

5. Defendants shall **file notice of compliance and proof of cessation of actions** in accordance with this Order.

SIGNED on this ___ day of _____, 2026.

_____

JUDGE PRESIDING

IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

Chanee Tennille Coleman,

Petitioner and Real Party in Interest,

v.

IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,

Defendants.

Cause No. _____

## PROPOSED ORDER GRANTING PERMANENT INJUNCTION

On this day, the Court considered all pleadings, evidence, and testimony, and finds that:

1. Petitioner is entitled to final injunctive relief as a matter of equity;

2. Defendants have no legal or equitable right to enforce or proceed with the sheriff's sale scheduled for May 5, 2026, in violation of Petitioner's property rights;

3. Irreparable injury would result if Defendants were permitted to act contrary to this Court's determination.

IT IS ORDERED, ADJUDGED, AND DECREED THAT:

1. Defendants, their agents, attorneys, and all persons acting in concert with them, are **permanently enjoined from conducting, enforcing, or attempting to conduct the sheriff's sale scheduled for May 5, 2026**, or any foreclosure sale affecting the Subject Property;

2. Defendants are **permanently enjoined from transferring, conveying, or encumbering the Subject Property** without express authorization from this Court;

3. Defendants are **permanently enjoined from interfering with Petitioner's possession, use, or ownership of the Subject Property**;

4. Defendants shall **file notice of compliance with this permanent injunction** with the Court;

5. The Court retains jurisdiction to enforce this Permanent Injunction and to impose sanctions for any violation.

SIGNED on this ___ day of _____, 2026.

_____

JUDGE PRESIDING