IN THE JUSTICE COURT OF HARRIS COUNTY, PRECINCT 4, PLACE 1

STATE OF TEXAS

**P.C.F. Properties in TX, LLC,**

Plaintiff,

v.

**Chanee T. Coleman and/or All Occupants,**

Defendants.



4:26-CV-02265

Case No. 264100217178

**SPECIAL DENIAL, VERIFIED PLEA TO THE JURISDICTION, MOTION TO QUASH SERVICE, MOTION TO VACATE VOID SUBSTITUTE-SERVICE ORDER, AND MOTION TO DISMISS WITH PREJUDICE**

TO THE HONORABLE COURT:

PLEASE TAKE NOTICE: Defendant, **Chanee T. Coleman**, appearing by special and limited appearance in equity and without waiver of all objections, defenses, claims, equitable interests, jurisdictional challenges, and rights, and files this General Denial, Verified Plea to the Jurisdiction, Motion to Quash Service, Motion to Dismiss for Lack of Jurisdiction and Defective Service, and respectfully shows the Court as follows:

I. GENERAL DENIAL

Pursuant to Texas Rule of Civil Procedure 502.5 and all other applicable law, Defendant generally denies each and every allegation contained in Plaintiff's Petition and demands strict proof thereof.

Notice #62021240-0257

## II. SPECIAL APPEARANCE AND JURISDICTIONAL OBJECTIONS

Defendant appears solely to challenge jurisdiction, sufficiency of service, and the legal validity of the proceedings. No act herein shall be construed as waiver of:

- objections to personal jurisdiction;

- objections to defective citation or service;

- objections to subject-matter jurisdiction;

- objections to void process;

- objections to defective pleadings;

- objections to constitutional due-process violations; or

- objections arising under Texas law or equity.

Texas courts obtain personal jurisdiction only through valid issuance and service of citation in strict compliance with governing rules. See Wilson v. Dunn; Primate Construction, Inc. v. Silver.

Strict compliance with the rules governing issuance, service, and return of citation is mandatory in default or substituted-service proceedings. Failure to strictly comply renders service invalid and any resulting judgment void.

---

Notice #62021240-0257

III. MOTION TO QUASH SERVICE

A. The "Officer's Sworn Statement" Is Not Sworn and Does Not Constitute Competent Evidence

The purported "OFFICER'S SWORN STATEMENT FOR AN ALTERNATIVE SERVICE UNDER RULE 510.8(e)" is legally insufficient and void because it is not sworn as required by Texas law.

The document:

- contains no valid jurat;

- contains no notarial seal;

- contains no signature of an officer authorized to administer oaths;

- contains no declaration under penalty of perjury;

- contains no compliant unsworn declaration under Chapter 132 of the Texas Civil Practice and Remedies Code.

Texas law defines an affidavit as a statement "sworn to" before an authorized officer. TEX. GOV'T CODE § 312.011(1).

Texas courts have repeatedly held that unsigned, unsworn, or improperly verified statements are not affidavits and constitute no evidence. See:

- Perkins v. Crittenden;

- Hardy v. Beaty;

- Anderson v. Cochran.

---

Notice #62021240-0257

Because the purported sworn statement is not sworn at all, it cannot satisfy the mandatory evidentiary prerequisite for substitute service under Texas Rule of Civil Procedure 510.4(c).

B. The Purported Sworn Statement Invokes the Wrong Rule

The officer repeatedly invoked "Rule 510.8(e)" as authority for alternative service.

However, alternative service in eviction proceedings is governed by Rule 510.4(c), not Rule 510.8(e).

Rule 510.8 concerns post-judgment matters and writ procedures, not substitute service of citation.

The repeated invocation of an inapplicable rule demonstrates material procedural noncompliance and deprived the Court of a lawful basis to authorize substitute service.

A substitute-service order entered without compliance with the governing rule is void.

C. The Statement Is Conclusory and Invades the Judicial Function

The officer states:

"I have therefore satisfied the requirements of Rule 510.8(e)."

This is an improper legal conclusion rather than a statement of evidentiary fact.

Only the Court may determine legal sufficiency.

An officer may testify to facts; the officer may not conclusory adjudicate compliance with the rule.

Conclusory affidavits constitute no evidence under Texas law.

Notice #62021240-0257

E. The Return and Service Are Void

Because the substitute-service order was based upon a defective and unsworn filing, all subsequent substitute service is void.

The purported order itself further reflects fatal irregularities, including:

- reliance upon the wrong procedural rule;

- a blank execution date;

- reliance upon a legally nonexistent sworn statement;

- absence of competent evidence establishing diligence.

A void substitute-service order cannot confer jurisdiction.

Accordingly:

- service must be quashed;

- the substitute-service order must be vacated;

- and all proceedings predicated upon that void service must be dismissed.

IV. PENDING FEDERAL AND STATE PROCEEDINGS SUPPORT ABATEMENT AND DISMISSAL

Defendant previously initiated proceedings challenging foreclosure validity and asserting equitable and federal claims concerning the same property, including:

- quiet title claims;

- equitable redemption claims;

- declaratory relief;

- injunctive relief;

- constructive trust claims;

- cancellation of instruments;

- accounting claims.

Those proceedings directly concern the ownership, validity, enforceability, and legal effect of

the foreclosure upon which Plaintiff bases this eviction action.

A forcible detainer action cannot proceed where determination of possession necessarily

depends upon adjudication of disputed title matters pending elsewhere.

V. DUE PROCESS VIOLATIONS

The Fourteenth Amendment to the United States Constitution and Article I of the Texas

Constitution prohibit deprivation of property without due process of law.

Substitute service is constitutionally permissible only upon strict compliance with governing

procedural safeguards.

Here:

- no valid sworn statement exists;

- no competent evidence of diligence exists;

- no lawful substitute-service order exists;

Notice #62021240-0257

- no valid service exists.

Proceeding further would violate constitutional due process.

## VI. EQUITABLE CONSIDERATIONS

Equity abhors forfeiture and requires strict adherence to statutory safeguards where possessory

rights and homestead interests are implicated.

Texas courts recognize that foreclosure-related dispossession proceedings must comply with

procedural safeguards before possession may be disturbed.

The defects here are not harmless irregularities; they go directly to:

- notice,

- jurisdiction,

- due process,

- and the Court's authority to proceed.

Proceedings founded upon void service and defective pleadings cannot stand in equity or law.

## VII. VERIFIED DENIAL OF CONDITIONS PRECEDENT

Defendant specifically denies that all conditions precedent necessary to authorize substitute

service under Texas Rule of Civil Procedure 510.4(c) were performed or occurred.

Defendant further denies that Plaintiff strictly complied with mandatory notice and service

requirements.

VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that the Court:

1. QUASH the purported service of citation;

2. VACATE the "Order Authorizing Alternative Service Under Rule 510.8(e)" as void;

3. DISMISS this action for lack of personal jurisdiction;

4. DISMISS this action for lack of subject-matter jurisdiction;

5. DISMISS Plaintiff's Petition WITH PREJUDICE;

6. STRIKE all void returns and substitute-service filings from the record;

7. ABATE or STAY proceedings pending adjudication of title and equitable issues in courts of competent jurisdiction;

8. AWARD Defendant costs and all relief allowed by law and equity; and

9. GRANT such other and further relief to which Defendant may be justly entitled.

# VERIFIED DECLARATION

(28 U.S.C. § 1746)

I, **Chanee Coleman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Respectfully tendered this 3rd day of June, 2026 CE,

Notice #62021240-0257

By: _____

Chanee Coleman

15538 Kiplands Bend Drive

Houston, Texas [77014-1535]

Ph: (832) 675-2663

email: chanee.coleman@gmail.com

CERTIFICATE OF SERVICE

A copy of the foregoing filing was mailed via regular first-class mail postage prepaid to the following parties:

P.C.F. PROPERTIES IN TX, LLC

ATTN: ANTONY HALARIS, Director of P.C.F. INVESTMENTS, INC.

c/o CORPORATION SERVICE COMPANY d/b/a

CSC-Lawyers Incorporating Service Company, Registered Agent

c/o UNITED STATES CORPORATION COMPANY, Registered Agent

c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC., Registered Agent

c/o UNITED STATES CORPPORATION COMPANY, Registered Agent

211 E. 7th Street, Suite 620

Austin, TX 78701-3218

By: _____

Date: June 03, 2026.

Notice #62021240-0257

"Exhibit B"

ACCEPTED

## Petition for Eviction from Residential Premises

Case No. 264100 217178

| P.C.F. PROPERTIES IN TX, LLC | § | IN THE JUSTICE COURT OF |
| Landlord (Plaintiff) | § | Harris County, Texas, Precinct ___ Place ___ |
| VS. | § | |
| CHANEE T COLEMAN and/or ALL OCCUPANTS | § | |
| Tenant (Defendant) | § | |

Name of Landlord (provide full legal name): __P.C.F. PROPERTIES IN TX, LLC__, referred to as "Plaintiff."

Tenants. 1. Name of Tenant (provide full legal name): __CHANEE T COLEMAN__.

Defendant may be served at(provide street address and telephone number, if known):
15538 Kiplands Bend Dr, Houston, TX 77014-1535

All other home and work addresses of this Defendant in Harris County that are known to the Plaintiff are:

☒ Plaintiff knows of no other home or work addresses of this Defendant in Harris County.

RECEIVED
MAY 18 2026
BY: ................

2. Name of Tenant (provide full legal name): _____.

Defendant may be served at(provide street address and telephone number, if known):

All other home and work addresses of Defendant in Harris County that are known to the Plaintiff are:

☐ Plaintiff knows of no other home or work addresses of this Defendant in Harris County. Tenant(s) are referred to as "Defendant.

Premises. Plaintiff seeks possession of following Premises (describe premises, i.e. house, apartment building, including street address):
15538 Kiplands Bend Dr, Houston, TX 77014-1535

Grounds for Eviction. Plaintiff seeks to evict Defendant for the following reason:

☐ **Failure to pay rent:**

Residential Lease: ☐ Written ☐ Oral  Beginning date of Lease: _____ End date of Lease: _____
Rent: $_____ per _____ (e.g. month, week) Date of last rental payment: _____
Total amount of rent due and unpaid on date of filing: $_____
Rent subsidized by government: $_____ paid by _____; $_____ paid by the Defendant.

☐ **Violation of Lease:** Tenant violated Paragraph No._____ of the Lease by (describe violation): _____

☐ **Holding over after termination of right to possession:** Date of notice of termination: _____

☒ **Foreclosure:** Plaintiff purchased the Premises at foreclosure on __05/05/2026__
  ☐ Plaintiff intends to live in the Premises as Plaintiff's primary residence.
  ☐ Defendant is a tenant of the former owner; End date of Lease: _____ Rent: $_____ per _____

**Notice to Vacate:** Date Notice to Vacate Delivered: 05/09/2026 ___ Manner of delivery IN PERSON, REGULAR & CERTIFIED MAIL

☐ **Attorney Fees:** Plaintiff seeks attorney fees as follows:
  Contractual: Lease (written) Paragraph No. _____ Amount of Attorney Fees claimed: $_____
  Statutory:  Written demand to vacate sent on: _____ Date received: _____ Attorney Fees claims: $_____

Plaintiff requests possession of the Premises, past due rent, if applicable, attorney's fees, if applicable, court costs, and such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

_____, President

| Signature of Plaintiff, Plaintiff's Attorney or Authorized Agent | Rachanee Halaris | President |
| | Printed Name | Title |

Address: 6046 FM 2920 RD # 160
Spring, TX 77379-2542
Daytime Telephone: (281) 668-8723 ___ Fax Number: _____
State Bar No. _____

☐ Plaintiff consents to the e-mail service of the answer and any other motions or pleadings to this e-mail address
  E-Mail Address: _____

THE STATE OF TEXAS §
COUNTY OF HARRIS §
SWORN TO BEFORE ME on __5/18/2026__, by ___ Rachanee ___ Plaintiff.

Clerk _____    Notary Public

PCIE PROPERTIES IN TX, LLC
6046 FM 2920 Rd Ste 160,
Spring, TX 77379-2542
RETURN SERVICE REQUESTED

ACCEPTED
05/09/2026

IMPORTANT DOCUMENT

CHANEE T COLEMAN
15538 KIPLANDS BEND DR
HOUSTON, TX 77014-1535

 **PROPERTIES IN TX, LLC**

A TEXAS LIMITED LIABILITY COMPANY

6046 FM 2920 RD STE 160, Spring, TX 77379-2542

e-Mail: AR@PCFProperties.net

Phones: 832-413-1723 or 281-6688-PCF

Fax: 636-212-9452

**CHANEE T COLEMAN and/or ALL OCCUPANTS**
**15538 Kiplands Bend Dr**
**Houston, TX 77014-1535**
MAILED VIA REGULAR AND CERTIFIED MAIL 9589 0710 5270 0037 7310 59

**ACCEPTED**

05/09/2026

## FORMAL NOTICE TO VACATE

Saturday, May 9, 2026

Dear Ms. Coleman (and/or All Occupants):

Your residence at 15538 Kiplands Bend Dr was foreclosed upon at the trustee sale of May 5th, 2025 by the substitute trustee appointed by your lender. Our company, P.C.F. Properties In TX, LLC is the new owner of the property. You are now a tenant at sufferance pursuant to Section 22 of the Deed of Trust that led to the foreclosure.

Given this event, since May 5th, all the property holding costs, financial (cost of funds), property taxes (since the beginning of the year) and HOA Assessments, are now our responsibility.

**We are hereby giving you this written notice, per Chapter § 24.005 of the Texas Property code to vacate the premises and deliver them back to us in their original condition.**

This letter constitutes notice that you are required to VACATE THE PROPERTY and to remove all of your personal belongings **within three (3) days of the date of this letter.** If you fail to comply with this demand, and do not vacate the Property by the 4th day from the date of this letter, we may, at our option, file suit against you for actual damages, attorney fees and costs of court. *No further notice shall be given.*

Be advised that failure to take action, will result in a forcible detainer suit against you.

Cordially,

_____, DIRECTOR

P.C.F. Properties In TX, LLC
By Antony Halaris, Director of its Managing Member

RP-2026-189746
05/15/2026  ER  $33.00

NOTICE OF CONFIDENTIALITY RIGHTS: IF YOU ARE A NATURAL PERSON, YOU MAY REMOVE OR STRIKE ANY OF THE FOLLOWING INFORMATION FROM THIS INSTRUMENT BEFORE IT IS FILED FOR RECORD IN THE PUBLIC RECORDS: YOUR SOCIAL SECURITY NUMBER OR YOUR DRIVER'S LICENSE NUMBER.

**TRUSTEE'S DEED**
**(BY SUBSTITUTE TRUSTEE)**

County: Harris

Deed Date:     May 5, 2026

Date of Sale:  May 5, 2026

Grantor:       Auction.com LLC, any to act as Substitute Trustee

Grantee:       P.C.F. Properties in TX, LLC
               6046 FM 2920 Rd, Unit Ste 160
               Spring, TX 77379

Consideration: $130,000.00

Property:

LOT 45, IN BLOCK 2, OF HAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

WHEREAS, on June 13, 2018, CHANEE T. COLEMAN, A SINGLE PERSON granted, sold and conveyed the property described above (the "Property") to RICHARD A. RAMIREZ as Trustee, his/her/their successors or substitutes, in trust, to have and to hold, together with all and singular the rights and appurtenances thereto in any wise belonging to secure the payment of a Note(s) pursuant to a Deed of Trust recorded at Instrument RP-2018-266061 in the Real Property Records of Harris County, Texas to which reference is made for a detailed description of the note(s) and the terms and conditions of the Deed of Trust;

WHEREAS, a default was declared in the payment obligations of the note(s) and Deed of Trust;

WHEREAS, written notice of default and intention to accelerate was mailed to all debtors in default and at least twenty days (thirty days if required by the Deed of Trust) was given to cure the default before the debt was accelerated and a notice of sale was given;

WHEREAS, the declared default was not resolved during the cure period provided;

WHEREAS, the maturity date of the note(s) was accelerated and all sums secured by the Deed of Trust were declared to be immediately due and payable;

WHEREAS, the original Trustee and any previously appointed Substitute Trustee were removed and Grantor was appointed and requested to serve as Substitute Trustee and to sell the property in accordance with the Deed of Trust and apply the proceeds of the sale to the indebtedness in accordance with the Deed of Trust;

WHEREAS, written Notice of Acceleration and of Trustee's Sale was mailed to all debtors obligated on the debt, filed with the County Clerk and posted at the Courthouse door (and in two other public places if required) of Harris County, Texas, at least twenty-one days prior to the date of sale indicated above;

WHEREAS, on the date of sale indicated above, between the hours of 10:00 AM and 4:00 PM and within three hours of the notice of earliest time of sale, Grantor proceeded to sell the property at public auction The Bayou City Event Center, Magnolia South Ballroom, located at 9401 Knight Rd, Houston, TX 77045 OR AS DESIGNATED BY THE COUNTY COMMISSIONER'S OFFICE of Harris County, Texas and at 11, 54 AM struck off the property to the Grantee named above for the consideration described above, it being the highest bid;

NOW, THEREFORE, by virtue of the authority conferred upon Grantor as Substitute Trustee as authorized by the Deed of Trust, and applicable law, and for the consideration described above, Grantor grants, sells and conveys the property, together with all and singular the rights and appurtenances thereto in any wise belonging to Grantee and its heirs, executors, administrators, successors or assigns forever, to have and to hold it to Grantee, and Grantor binds CHANEE T. COLEMAN, A SINGLE PERSON his/her/their heirs, assigns, executors, administrators and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, executors, administrators, successors and assigns insofar as is authorized by the Deed of Trust, against every person whomsoever lawfully claiming or to claim the same or any part thereof. Grantor sells the property "As-Is" without any expressed or implied warranties of title to Grantee at Grantee's own risk, pursuant to the terms of Texas Property Code Section 51.009. *"SEE EXHIBIT A"*

9658-1904                    2147048987                    PG1                    TRDEED

When the context requires, singular nouns and pronouns include the plural.

_____
Kelly Main, as agent for Auction.com LLC, any to act as Substitute Trustee

STATE OF TEXAS                    §
                                  §
COUNTY OF Wise                    §

This instrument was acknowledged before me this 11 day of May 2026 by Kelly Main, as agent for Auction.com LLC, any to act, as Substitute Trustee.

_____
Notary Public

Reported Property Address:
15538 KIPLANDS BEND DRIVE
HOUSTON, TX 77014-1535

KIMBERLY KIRK
Notary Public, State of Texas
Comm. Expires 05-06-2030
Notary ID 139650553

RP-2026-189746

Return to:
Bonial & Associates, P.C.
14841 Dallas Parkway, Suite 350
Dallas, TX 75254

9658-1904             2147048987             PG2             TRDEED

**EXHIBIT A**

## AFFIDAVIT OF COMPLETED FORECLOSURE

BEFORE ME, the undersigned authority, on this day personally appeared Raquel Alexander, who after having been duly sworn deposed and stated the following upon knowledge and belief:

1. I am a duly authorized agent of Bonial & Associates, P.C. ("Bonial"), attorneys for Idaho Housing and Finance Association ("Mortgage Servicer"). My duties include providing various administrative services concerning matters referred to Bonial for foreclosure processing. I make this affidavit for the purposes of declaring the incidents of statutory and contractual compliance of the entities set out below.

2. This Affidavit concerns the May 5, 2026 foreclosure sale of that certain land and premises with a street address of 15538 KIPLANDS BEND DRIVE, HOUSTON, TX 77014-1535 and described in a Deed of Trust executed by CHANEE T. COLEMAN, A SINGLE PERSON and delivered in trust to RICHARD A. RAMIREZ, said Deed of Trust being executed on 06/13/2018, and filed for record in RP-2018-266061 in the Real Property Records of Harris County, Texas, to which reference is here made for a description of the terms and conditions of the Deed of Trust, the land and premises therein conveyed, and the promissory note being secured.

3. Bonial represents Idaho Housing and Finance Association whose address is 565 W. Myrtle, Boise, ID 83702 which, if it is not the Current Mortgagee, is acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a mortgage servicing agreement concerning the Note dated 06/13/2018 and Deed of Trust described above.

4. Bonial was requested to pursue Foreclosure processing including the providing of this affidavit.

5. To the best of my knowledge and belief, proper notice was sent prior to acceleration of the indebtedness and all notices were served on the Debtor at the Debtor's last known address as shown by the records of the Mortgage Servicer.

6. To the best of my knowledge and belief, the mortgagors relative to the above described property either were not members of the Armed Forces of the United States of America and had not been members of any such entities for at least twelve (12) months prior to the date of the Trustee's Sale, or were not entitled to certain conditions of foreclosure afforded to members of the Armed Forces of the United States of America, and were alive on the date of such sale.

7. On behalf of the Current Mortgagee, and Mortgage Servicer, and Substitute Trustee(s), Bonial served a Notice of Acceleration and Notice of Trustee's Sale on every debtor obligated on the debt, in strict compliance with the Texas Property Code, by certified mail at least twenty-one (21) days prior to the date therein specified for sale at the last known address of each such debtor according to the records of the Mortgage Servicer.

8. On behalf of the Current Mortgagee, Mortgage Servicer, and Substitute Trustee(s), Bonial caused a Notice of Acceleration and Notice of Trustee's Sale to be filed with the County Clerk in the county or counties in which the subject property is situated and copies thereof to be posted at said courthouse(s) as required by law and in the manner specified by ordinance and custom.

_Raquel Alexander_
Raquel Alexander

THE STATE OF TEXAS　　§
　　　　　　　　　　　　§
COUNTY OF DALLAS　　§

Sworn to and subscribed before me, the undersigned Notary Public, on this day personally appeared Raquel Alexander, who is a duly authorized agent of Bonial & Associates, P.C., known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that they executed the same for the purposes and consideration therein expressed.

Given under my hand and seal of office this ____ day of _May_ 2026

_Felicia Simpson_
Notary Public in and for the State of Texas

Printed Name: _Felicia Simpson_
My Commission Expires: _4/4/29_

Felicia Simpson
Notary Public, State of Texas
Notary ID 125908856
My Commission Exp: 04-04-2029

Affidavit of Completed Foreclosure　　　　　　　　　2147048987 / 9658-1804

RP-2026-189746

# Pages 4

05/15/2026 08:29 AM

e-Filed & e-Recorded in the

Official Public Records of

HARRIS COUNTY

TENESHIA HUDSPETH

COUNTY CLERK

Fees  $33.00

RECORDERS MEMORANDUM
This instrument was received and recorded electronically
and any blackouts, additions or changes were present
at the time the instrument was filed and recorded.

Any provision herein which restricts the sale, rental, or
use of the described real property because of color or
race is invalid and unenforceable under federal law.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in
File Number Sequence on the date and at the time stamped
hereon by me; and was duly RECORDED in the Official
Public Records of Real Property of Harris County, Texas.



COUNTY CLERK
HARRIS COUNTY, TEXAS



**UNITED STATES POSTAL SERVICE.**

.GREENS NORTH
1530 GREENSMARK DR
HOUSTON. TX 77067-9998
www.usps.com

05/09/2026                        11:57 AM

TRACKING NUMBERS
9589 0710 5270 0037 7310 28
9589 0710 5270 0037 7310 59
9589 0710 5270 0037 7310 42
9589 0710 5270 0037 7310 35

TRACK STATUS OF ITEMS WITH THIS CODE



TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

---

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

### PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| Phillis Wheatley | 4 | $0.78 | $3.12 |

| First-Class Mail® Letter | 1 | | $0.78 |
|---|---|---|---|

   Houston, TX 77038
   Weight: 0 lb 0.30 oz
   Estimated Delivery Date
     Tue 05/12/2026
   Certified Mail®                  $5.30
    Tracking #:
     9589 0710 5270 0037 7310 28
Total                                $6.08

First-Class Mail®  1               $0.78
Letter
   Houston, TX 77014
   Weight: 0 lb 0.30 oz
   Estimated Delivery Date
     Tue 05/12/2026
   Certified Mail®                  $5.30
    Tracking #:
     9589 0710 5270 0037 7310 59
Total                                $6.08

First-Class Mail®  1               $0.78
Letter
   Spring, TX 77379
   Weight: 0 lb 0.30 oz
   Estimated Delivery Date
     Tue 05/12/2026
   Certified Mail®                  $5.30
    Tracking #:
     9589 0710 5270 0037 7310 42
Total                                $6.08

First-Class Mail®  1               $0.78
Letter
   Spring, TX 77373
   Weight: 0 lb 0.30 oz
   Estimated Delivery Date
     Tue 05/12/2026
   Certified Mail®                  $5.30
    Tracking #:
     9589 0710 5270 0037 7310 35
Total                                $6.08

---

Grand Total:                        $27.44

Credit Card Remit                   $27.44
   Card Name: VISA
   Account #: XXXXXXXXXXXX1605
   Approval #: Q9634G
   Transaction #: 123
   AID: A0000000031010   Contactless
   AL: VISA CREDIT
   CAPITAL ONE VISA

Citation - Eviction Possession and Rent -- In Person                                         Tracking Number: G0400514

**Case Number: 264100217178**

| | | |
|---|---|---|
| P.C.F Properties in TX, LLC | § | In the Justice Court |
| Plaintiff | § | Harris County, Texas |
| vs. | § | Precinct 4, Place 1 |
| Chanee T Coleman and/or All Occupants | § | 6831 Cypresswood Dr |
| Defendant | § | Klein Texas 77379-7700 |
| | | 713-274-6550 |
| | | www.jp.hctx.net |

**ACCEPTED**
05/26/2026

I09/331U

**Citation - Eviction**

### THE STATE OF TEXAS, COUNTY OF HARRIS
### TO: ANY SHERIFF OR CONSTABLE OF TEXAS

Deliver this Citation to the Defendant, or leave a copy with some person over the age of sixteen years at the Defendant's usual place of abode, at least four days before the day assigned for trial.

Chanee T Coleman and/or All Occupants
15538 Kiplands Bend Dr
Houston TX 77014
Phone Number:

Delivered this 26 Day of May 20 26
**CONSTABLE MARK HERMAN**
Precinct 4, Harris County, Texas
By

and return this Citation at least one day before the day assigned for trial.

### TO THE DEFENDANT:

**THIS IS A SUIT TO EVICT. YOU ARE COMMANDED to appear for trial in Justice Court Precinct 4, Place 1 on 6/8/2026 at 9:00 AM to answer** this eviction action.

**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.**

Date Petition Filed: 05/18/2026

Nature of demand made by Plaintiff(s): Possession of the property known as **15538 Kiplands Bend Dr  Houston TX 77014**, and back rent of $0.00, together with attorney's fees, costs of court, interest as provided by law and general relief. A copy of the petition is attached.

You may request a jury and pay a jury fee in the amount of $22.00 no later than three (3) days before the trial date or three (3) days after you have been served with this citation and copy of the petition, whichever is later. If you timely make a demand for a jury trial, the case will be heard by a jury.

### SUIT TO EVICT

This suit to evict involves immediate deadlines. A tenant who is serving on active military duty may have special rights or relief related to this suit under federal law, including the Servicemembers Civil Relief Act (50 U.S.C. App. Section 501 et seq.), or state law, including section 92.017, Texas Property Code. Call the State Bar of Texas toll-free at 1- 877-9TEXBAR if you need help locating an attorney. If you cannot afford to hire an attorney, you may be eligible for free or low-cost legal assistance. Failure to appear for trial may result in a default judgment being entered against you.

### DEMANDA PARA DESALOJAR

Esta demanda para desalojar involucra plazos inmediatos. Un inquilino que esta en servicio militar activo puede tener derechos especiales o socorro en relación con este traje por la ley federal, incluidos los miembros del servicio civil relief actuar (50 u.s.c. app. Sección 501 y ss.) O la ley del estado, incluida la sección 92.017, Texas Código de la Propiedad. Llame al colegio de Abogados de Texas (State Bar of Texas), llamada gratuita al 1-877-9TEXBAR o 1-800-204-2222 si usted necesita ayuda para localizar a un abogado. Si no está a su alcance contratar a un abogado, usted pudiera ser elegible para asesoría legal gratuita o de bajo costo.

For more information, consult Rule 510 of the Texas Rules of Civil Procedure, which is available online and also at the court listed on this citation, and www.TexasLawHelp.org.

Date: 5/18/2026



/s/ Linh Doan
Clerk of the Court
Harris County Justice Court
Precinct 4, Place 1

**Address of Plaintiff**

6046  Fm 2920 Rd
#160
Spring TX 77379

**Address of Plaintiff's Attorney**

JU7UW

Page 1 of 1

Revised: 1/5/2026

ACCEPTED
05/26/2026
6-8-2026

CAUSE NUMBER: 264100217178

PLAINTIFF: P.C.F Properties in TX, LLC
VS
DEFENDANT: Chanee T Coleman and/or All Occupants

TRACKING NUMBER: G0400514

JUSTICE OF THE PEACE 4-1
HARRIS COUNTY, TEXAS

## OFFICER'S SWORN STATEMENT FOR AN ALTERNATIVE SERVICE UNDER RULE 510.8e

To the Honorable Judge of said Court:

As the law officer receiving the above Citation for service of process, I hereby request the Court to authorize alternative services under Rule 510.8e on the following named Defendant(s): Chanee T Coleman and/or All Occupants. I have made diligent efforts to serve such Citation on at least two occasions at the listed address, if any, of the Defendant(s) named below. Plaintiff has stated in the Plaintiff's Sworn Complaint that the Plaintiff knows of no other home or work address of Defendant(s) in this County. I attempted service under Rule 510.8e at the following places on the following dates at the following times and was unsuccessful and I have therefore satisfied the requirements of Rule 510.8e.

| Date | Time | Defendant(s) Name | Attempted Address | Service Attempt |
|------|------|-------------------|-------------------|-----------------|
| 5/21/2026 | 6:35AM | Chanee T Coleman and/or All Occupants | 15538 KIPLANDS BEND DR, HOUSTON, TX 77014 | No Answer |
| 5/20/2026 | 12:09PM | Chanee T Coleman and/or All Occupants | 15538 KIPLANDS BEND DR, HOUSTON, TX 77014 | No Answer |

Notary Public/Deputy Constable
State of Texas

KENDALL GUILLORY
Mark Herman, Constable Pct 4
Harris County

Sworn and subscribed to me on the  21  day of  MAY  , 2026

## ORDER AUTHORIZING ALTERNATIVE SERVICE UNDER RULE 510.8e

The Court finds that KENDALL GUILLORY, who is the officer receiving the above Citation for service of process, has executed and filed a sworn statement pursuant to the requirements of Rule 510.8e regarding alternative service. This Court further finds that the officer was unsuccessful in serving Citation under Rule 510.8e and that all requirements for authorizing alternative service under Rule 510.8e have been met. Accordingly, such officer is hereby authorized to serve such Citation on the following Defendant: Chanee T Coleman and/or All Occupants according to the following procedures:

(510.8e2) If the judge authorizes service by delivery to the premises, the officer must, at least 4 days before the day set for trial: (510.8e2A.) deliver a copy of the citation with a copy of the Petition attached to the premises by placing it through a door mail chute or slipping it under the front door; if neither method is possible, the officer may securely affix the citation to the front door or main entry to the premises; and (510.8e2B.) deposit in the mail a copy of the citation with a copy of the Petition attached, addressed to defendant at the premises and sent by first class mail. (510.8e3) The officer must note on the return of service the date the citation was delivered and the date it was deposited in the mail. (510.8f1) At least one day before the day set for trial, the officer must complete and file a return of service with the court that issued the citation.

Signed and Entered this the _____ day of _____ MAY 2 1 2026 _____, _____

Judge L. Goodwin
JUSTICE OF THE PEACE 4-1
Harris County, Texas

RECEIVED
MAY 2 1 2026

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS



"P.C.F. INVESTMENTS, INC." (Forfeited existence as of May 16, 2024) d/b/a/ "P.C.F. PROPERTIES IN TX, LLC",

ANTONY HALARIS,

RACHANEE HALARIS,

Plaintiffs,

v.

Chanee Tennille Coleman, Real Party in Interest,

Defendant.

Civil Action No. 4:26-cv-02265

(Removed from Justice Court, Harris County,

Texas, Precinct 4, Place 1, Case No. 264100217178)

NOTICE OF FILING

NOTICE OF REMOVAL

NOTICE OF STATUS AND CLARIFICATION OF NON-CORPORATE CAPACITY

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

## I. INTRODUCTION

PLEASE TAKE NOTICE! Defendant, appearing by special and limited appearance specially and without waiving any jurisdictional defense, and files this Notice of Removal pursuant to 28 U.S.C.

Notice #62026250-1142

§§ 1441, 1443, 1446, and 1331, seeking removal of the above-captioned eviction action from the Justice Court of Harris County, Texas, Precinct 4, Place 1, to the United States District Court for the Southern District of Texas. Removal is proper because this action arises under and implicates the Constitution, laws, and treaties of the United States; federal questions are embedded in every material aspect of the proceeding; and the United States of America, through the Secretary of Housing and Urban Development, has not disclaimed its interest in the subject real property, vesting exclusive jurisdiction in this Court.

## II. PROCEDURAL BACKGROUND

1. On or about May 18, 2026, Plaintiff filed a Petition for Eviction from Residential Premises in the Justice Court of Harris County, Texas, Precinct 4, Place 1, bearing Case No. 264100217178, seeking possession of residential real property located in Harris County, Texas, namely "15538 Kiplands Bend Drive, Houston, Texas [77014]" (the "Subject Property"). Trial is set for June 8, 2026.

2. Defendant has not been validly served with process. The order purportedly authorizing alternative service is void on its face because it invokes Rule 510.8(e) — a rule governing motions for new trial that contains no provision authorizing alternative service — rather than the sole operative rule, Rule 510.4(c). Additionally, the officer's sworn statement predicate for that order is not a valid affidavit under Texas law because it lacks an identified administering officer, a valid oath, an official seal, specific dates and times of attempted service, and specific addresses. See Tex. Gov't Code § 312.011(1); Hardy v. Beaty, 19 S.W. 778, 779 (Tex. 1892); Perkins v. Crittenden, 462 S.W.2d 565, 568 (Tex. Civ. App. 1970).

Defendant therefore files this Notice within thirty (30) days of first receiving any purported notice of the action in accordance with 28 U.S.C. § 1446(b).

3. This Notice of Removal is timely. Service of process, to the extent it occurred at all, was accomplished only through a void order and void alternative service in late May 2026. This Notice is filed within thirty days of any arguable receipt of the initial pleading.

4. A copy of all process, pleadings, and orders filed in the state court action that are within Defendant's possession are attached hereto as required by 28 U.S.C. § 1446(a).

## III. GROUNDS FOR REMOVAL

### A. Federal Question Jurisdiction — 28 U.S.C. §§ 1331 and 1441

5. The District Courts of the United States have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. This eviction action, while styled as a state-court forcible detainer proceeding, necessarily raises and requires resolution of federal questions that appear on the face of, and are embedded in, Defendant's defenses and the foundational elements of any claim to possessory right asserted by Plaintiff.

6. The right to possession claimed by Plaintiff derives from an alleged foreclosure sale. The Subject Property is associated with a federally insured mortgage under Federal Housing Administration programs administered by the United States Department of Housing and Urban Development ("HUD"). Pursuant to applicable FHA program requirements, properties acquired through foreclosure of FHA-insured mortgages are expected to be conveyed to the Secretary of Housing and Urban Development. This anticipated federal conveyance implicates federal statutory interests, federal program obligations, and the

Notice #62026250-1142

property rights of the United States that cannot be adjudicated in a state court of limited jurisdiction.

7.  The United States of America, through the Secretary of Housing and Urban Development, has not disclaimed any interest in the Subject Property. Under the Quiet Title Act, 28 U.S.C. § 2409a, the United States District Court possesses exclusive original jurisdiction to adjudicate title disputes in which the United States claims or may claim an interest in real property. See **Block v. North Dakota ex rel. Board of Univ. and School Lands, 461 U.S. 273, 286 (1983)**. A justice court of the State of Texas is without authority to adjudicate possessory rights that necessarily implicate federal interests governed by the Quiet Title Act.

8.  Additionally, upon information and belief, the Internal Revenue Service, as an agency of the United States, has not waived or disclaimed any statutory right of redemption or federal interest potentially affecting the Subject Property. Pursuant to 28 U.S.C. § 2410(c), the United States holds a 120-day right of redemption following any foreclosure sale in which a federal lien or federal interest is affected. No valid disclaimer of that interest appears of record. Defendant respectfully demands that this Court declare the alleged foreclosure sale of May 5, 2026 void on the independent basis that the United States of America, through the Secretary of Housing and Urban Development and through the Internal Revenue Service, has not disclaimed its interest in the Subject Property and the United States' 120-day right of redemption under 28 U.S.C. § 2410(c) has not been observed.

9.  Defendant has filed a pending action in this Court, Civil Action No. 4:26-cv-02265, seeking, inter alia, to quiet title to the Subject Property, obtain declaratory relief, and enjoin eviction and foreclosure-related proceedings pursuant to 28 U.S.C. §§ 1346(f), 2409a,

Notice #62026250-1142

1367, and 2201. The instant eviction proceeding directly implicates the title and possessory interests at issue in that pending federal action. This Court's exclusive jurisdiction under the Quiet Title Act and the pendency of related federal proceedings independently support removal and the exercise of federal jurisdiction over this action.

10. The Petition for Eviction is further defective on its face in a manner raising federal due process concerns. The eviction Petition describes a different property — a property that is not the Subject Property Defendant occupies — in its prayer for possession. The order authorizing alternative service, which purports to confer personal jurisdiction over Defendant, is void because it rests upon a nonexistent rule provision and a defective non-affidavit that fails every requirement of Texas law. Proceeding to judgment in a state court of limited jurisdiction on a void petition, under void service, in derogation of pending federal Quiet Title Act proceedings implicates Defendant's rights under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Supremacy Clause of Article VI.

## B. Civil Rights Removal — 28 U.S.C. § 1443

11. Removal is independently proper under 28 U.S.C. § 1443 because Defendant is denied or cannot enforce in the state court her rights under the Constitution and laws providing for the equal civil rights of citizens of the United States. Defendant's federally protected interests in the Subject Property, arising from the FHA insurance program, the anticipated HUD conveyance, and the pending Quiet Title Act proceeding in this Court, cannot be adequately enforced in a state justice court that lacks subject-matter jurisdiction to adjudicate competing federal interests.

## C. Federal Preemption and Supremacy Clause

12. Federal law governs and preempts any state-court determination of possessory rights where the United States claims an interest in the real property at issue. The Supremacy Clause of Article VI of the United States Constitution establishes that federal law is the supreme law of the land, and state court proceedings that would extinguish or impair federal interests in real property without compliance with applicable federal procedures — including the Quiet Title Act waiver of sovereign immunity and the statutory right of redemption under 28 U.S.C. § 2410(c) — are preempted. Any judgment of possession entered by the state court would be void to the extent it purports to adjudicate or extinguish interests of the United States that have not been disclaimed.

## IV. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

13. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of any initial pleading purporting to set forth the grounds for the relief demanded, in compliance with 28 U.S.C. § 1446(b). As set forth above, Defendant contends that service of process was void and that no valid service was accomplished. This Notice is filed as a precautionary measure within the earliest arguable commencement of any applicable period.

14. Venue is proper in the Southern District of Texas, Houston Division, because the Subject Property and the state court action from which this case is removed are located within this judicial district. 28 U.S.C. §§ 1391, 1446.

15. A copy of this Notice of Removal is being filed concurrently with the Clerk of the Justice Court, Harris County, Texas, Precinct 4, Place 1, as required by 28 U.S.C. § 1446(d), and notice is being served upon all adverse parties.

Notice #62026250-1142

16. All further proceedings in the Justice Court of Harris County, Texas, Precinct 4, Place 1, in Case No. 264100217178 should be stayed pursuant to 28 U.S.C. § 1446(d) upon filing of this Notice.

## V. SUMMARY OF THRESHOLD DEFECTS IN STATE COURT PROCEEDING

In addition to the federal jurisdictional grounds for removal set forth above, Defendant preserves all challenges to the validity of the state court proceedings, including without limitation:

(a) The Petition for Eviction describes a property that is not the property Defendant occupies, depriving the state court of any basis to enter judgment regarding Defendant's actual residence;

(b) The Petition is unsworn, or its verification is fatally defective, constituting a legal nullity that cannot support any judicial proceeding under Texas Rule of Civil Procedure 510.3(b);

(c) The order purportedly authorizing alternative service is void because it invokes a nonexistent legal authority — Rule 510.8(e), which has no application to service of process — and is predicated upon a sworn statement that fails every requirement of Tex. Gov't Code § 312.011(1) and Rule 510.4(c)(1)(C), including the absence of an identified administering officer, official seal, specific addresses, specific dates, and specific times of attempted service;

(d) The state court has never acquired personal jurisdiction over Defendant because service of process was void;

(e) The state court lacks subject-matter jurisdiction because a genuine title dispute exists that implicates the exclusive jurisdiction of the federal courts under the Quiet Title Act of 1972 and Block v. North Dakota;

(f)  The plaintiff entity lacks standing to prosecute this action because its managing member has forfeited its legal existence under Texas law and because the Petition was filed by an individual whose authority to represent the entity and whose status as a licensed Texas attorney are not established on the face of the pleading.

Nothing herein constitutes a waiver of any objections.

## VI. NOTICE OF STATUS AND CLARIFICATION OF NON-CORPORATE CAPACITY

To Whom It May Concern:  I appear specially and in equity only, not generally, in my private capacity as the living man known by the name reflected on the docket, and not as a corporation, artificial entity, juridical person, or other statutory construct. I am not created by charter, statute, registration, franchise, or incorporation. I have no parent corporation, issue no stock, and hold no corporate ownership interests requiring disclosure.  Any presumption that I possess a corporate or artificial character is expressly denied. This notice is given to correct the record so that substance governs over form and no false presumption remains by silence or default.  Equity regards the true person before the tribunal, not a mistaken classification. Where no corporation exists, none may be implied or presumed.  Accordingly, this declaration is entered so the record may accurately reflect my status and capacity in this matter.

## VII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that this Honorable Court:

(A) Accept jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1441, 1443, and 1446;

(B) Stay all further proceedings in the Justice Court of Harris County, Texas, Precinct 4, Place 1, Case No. 264100217178;

(C) Consolidate or coordinate this removed action with the pending related federal proceeding, Civil Action No. 4:26-cv-02265, to the extent permitted by applicable rules and the interests of judicial economy;

(D) Declare the alleged foreclosure sale of May 5, 2026 void on the basis that the United States of America, through the Secretary of Housing and Urban Development, has not disclaimed its interest in the Subject Property and the 120-day right of redemption under 28 U.S.C. § 2410(c) has not been observed;

(E) Grant all injunctive, equitable, and legal relief to which Defendant may be entitled; and

(F) Grant such other and further relief as this Court deems just and proper.

## VIII. VERIFIED DECLARATION

### (28 U.S.C. § 1746)

I, **Chanee Coleman**, declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

**I affirm the foregoing as true and correct, without oath, in good faith and conscience.**

Notice #62026250-1142

Respectfully tendered this 26th day of May, 2026 CE,

By: _____

Chanee Coleman

15538 Kiplands Bend Drive

Houston, Texas [77014-1535]

Ph: (832) 675-2663

email: chanee.coleman@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of May, 2026, a true and correct copy of the foregoing Notice

of Removal was filed with the Clerk of the United States District Court for the Southern District of

Texas and was served upon all adverse parties and upon the Clerk of the Justice Court, Harris

County, Texas, Precinct 4, Place 1, by depositing a true and correct copy in the United States Mail,

first class postage prepaid, and/or by such other method as permitted by applicable rules.

(1)     P.C.F. PROPERTIES IN TX, LLC
         ATTN: ANTONY HALARIS, Director of P.C.F. INVESTMENTS, INC.
         c/o CORPORATION SERVICE COMPANY d/b/a
         CSC-Lawyers Incorporating Service Company, Registered Agent
         c/o UNITED STATES CORPORATION COMPANY, Registered Agent
         c/o THE PRENTICE-HALL CORPORATION SYSTEM, INC., Registered Agent
         c/o UNITED STATES CORPPORATION COMPANY, Registered Agent
         211 E. 7th Street, Suite 620
         Austin, TX  78701-3218

By:_____

Date: May 26, 2026.

---

Notice #62026250-1142

"Exhibit A"

BPC

**BONIAL & ASSOCIATES, P.C.**

14841 DALLAS PARKWAY, SUITE 300
DALLAS, TX 75254

NORTH TEXAS TX 750

20 JAN 2026 PM 5

quadient

FIRST-CLASS MAIL
IMI
$000.74
01/20/2026 ZIP 75254
043M31241330

US POSTAGE

773 NFE 1   9231G001/20/26
NOTIFY SENDER OF NEW ADDRESS
COLEMAN
PO BOX 682913
HOUSTON TX 77268-2913

BC: 77268291313    *2534-07674-20-41

77268-2913
77014-



ACCEPTED

February 1, 2006



BONIAL & ASSOCIATES, P.C.

January 17, 2026

**Bonial & Associates, P.C.**
14841 Dallas Parkway, Suite 350
Dallas, TX 75254
Main: (972) 643-6600
Fax: (972) 643-6699

**ACCEPTED**

To: CHANEE T COLEMAN
    15538 KIPLANDS BEND DRIVE
    HOUSTON, TX 77014-1535

RE:    Property Address: 15538 KIPLANDS BEND DRIVE, HOUSTON, TX 77014-1535
       BPC File: 9658-1904    *CC*    February 1, 2026

**Bonial & Associates, P.C. is a debt collector.** We are trying to collect a debt owed to Idaho Housing and Finance Association, as servicer for Idaho Housing and Finance Association. We will use any information you give us to help collect the debt.

## Our information shows:

You have a mortgage loan with Idaho Housing and Finance Association, as servicer for Idaho Housing and Finance Association with a loan number of 4850104102.

| | |
|---|---|
| As of 05/01/2024 the amount owed is: | $131,591.20 |
| Between 05/01/2024 and today: | |
| Interest was charged in the amount of: | + $7,193.39 |
| Fees were charged in the amount of: | + $11,113.63 |
| You paid or were credited this amount toward the debt: | - $800.00 |
| Total amount of the payoff 01/31/26: | $149,098.22 |

## How can you dispute the debt?

○ **Call or write to us by February 24, 2026, to dispute all or part of the debt.** If you do not, we will assume that our information is correct.

○ **If you write to us by February 24, 2026,** we must stop collection on any amount you dispute until we send you information that shows you owe the debt. You may use the form below or write to us without the form. You may also include supporting documents.

## What else can you do?

○ **Write to ask for the name and address of the original creditor, if different from the current creditor.** If you write by February 24, 2026, we must stop collection until we send you that information. You may use the form below or write to us without the form.

○ Go to **www.cfpb.gov/debt-collection** to learn more about your rights under federal law. For instance, you have the right to stop or limit how we contact you.

○ Contact Idaho Housing and Finance Association, as servicer for Idaho Housing and Finance Association about your payment options.

**Notice: See following page for important information.**

If you have received a discharge of this debt or if there is presently a stay in effect under bankruptcy law, this letter is

not a demand for payment of the captioned debt or a notice of personal liability, but rather is for informational purposes only.

PLEASE SEE THE FOLLOWING PAGE FOR AN OPTIONAL RESPONSE FORM.

ACCEPTED

February 1, 2026

**Mail this form to:**
Bonial & Associates, P.C.
14841 Dallas Parkway, Suite 350
Dallas, TX 75254

CHANEE T COLEMAN
15538 KIPLANDS BEND DRIVE
HOUSTON, TX 77014-1535

**How do you want to respond?**

*Check all that apply:*

☐ **I want to dispute the debt because I think:**

    ☐ This is not my debt.

    ☐ The amount is wrong.

    ☐ Other (Please describe on reverse or attach additional information).

☐ **I want you to send me the name and address of the original creditor.**

☐ **I have enclosed this amount $_____**

*Make your check payable to Bonial & Associates, P.C. Include the file reference 9658-1904.*

ACCEPTED

February 1, 2026



Bonial & Associates, P.C.
14841 Dallas Parkway
Suite 300
Dallas TX 75254

## USPS CERTIFIED MAIL



9214 8901 9403 8357 0590 67

CHANEE T COLEMAN
15538 KIPLANDS BEND DRIVE
HOUSTON TX 77014-1535

ACCEPTED

February 27, 2026

Certified

ACCEPTED

February 27, 2026



BONIAL & ASSOCIATES, P.C.

February 16, 2026

Bonial & Associates, P.C.
14841 Dallas Parkway, Suite 350
Dallas, TX 75254
Main: (972) 643-6600
Fax: (972) 643-6699

## NOTICE TO OCCUPANT OF PENDING ACQUISITION

CHANEE T COLEMAN
15538 KIPLANDS BEND DRIVE
HOUSTON, TX 77014-1535

ACCEPTED

CO ————— February 27, 2026

Case Number: 512-3101507-703

AVISO IMPORTANTE PARA PERSONAS DE HABLA HISPANA.
ESTO ES UN AVISO MUY IMPORTANTE. SI NO ENTIENDE EL CONTENIDO, OBTENGA UNA TRADUCCION INMEDIATAMENTE. SI USTED NO RESPONDE DENTRO DE VEINTE (20) DÍAS, PUEDE QUE TENGA QUE MUDARSE DE LA CASA O APARTAMENTO EN QUE VIVE.

Dear CHANEE T COLEMAN:

Idaho Housing and Finance Association, which if it is not the Current Mortgagee, is acting as the Mortgage Servicer and representing the Current Mortgagee pursuant to a Mortgage Servicing Agreement.

The mortgage for the property in which you are living is in foreclosure as a result of the property owner's default. Within the next 60 to 90 days, title to the property is expected to be transferred to Idaho Housing and Finance Association. Some time thereafter, ownership of the property will probably be transferred to the Secretary of Housing and Urban Development (HUD).

HUD generally requires that there be no one living in properties conveyed to the Secretary as a result of a foreclosure. As the Federal Housing Administration's (FHA) single family program is a mortgage insurance program, it must sell all acquired properties and use the proceeds of sale to help replenish the FHA Mortgage Insurance Fund. It is not a rental program. There are other programs within HUD that assist in making rental housing available.

However, before Idaho Housing and Finance Association conveys the property to HUD, you may be entitled to remain in the property for some period of time, pursuant to federal, state, or local law. If applicable, a separate notice regarding occupancy rights will be provided to you when complete title to the property is transferred to Idaho Housing and Finance Association.

If you are not entitled to remain in the property under federal, state, or local law, you may nevertheless be eligible to remain in the property upon conveyance to HUD, if certain conditions are met, as described in the document "Conditions for Continued Occupancy" which is attached to this letter (Attachment 3). To be considered for continued occupancy upon conveyance to HUD, you must submit a written request to HUD **within 20 days of the date at the top of this letter or the property must be vacated before the time HUD is scheduled to acquire it. Oral requests will not be accepted.**

Please use the enclosed, Form HUD-9539, Request for Occupied Conveyance (Attachment 1) in making your request, as it gives HUD information it needs to make its decision. You must send your request and the enclosed Request for Verification of Employment (Attachment 2) to Residential Enhancements, Inc., Attention: Mortgagee Compliance Manager, HUD's Mortgagee Compliance Manager (MCM), at the following address: 6434 Lawrenceville Hwy, Tucker,

GA 30084. As the occupant requesting the occupied conveyance, you have sole responsibility for submission of a signed Verification of Employment form with your Occupied Conveyance request.

If you or a member of your household suffers from an illness or injury that would be aggravated by the process of moving from the property, please also provide supporting documentation of the illness or injury. This documentation must include a projection of the date that the individual could be moved without aggravating the illness or injury and a statement by a state-certified physician establishing the validity of your claim.

Please ensure that you include all required documentation with your request; **incomplete requests will be denied**. Additional information that you wish to include with your request may be written on additional pages that you attach to the *Request for Occupied Conveyance* form.

If HUD approves your request to remain in the property, you will be required to sign a month-to-month lease and pay rent at the prevailing fair market rate. If HUD does not become owner of this property, any decision it may make with respect to your continued occupancy will no longer apply.

Your right to continued occupancy of the property under HUD's Occupied Conveyance policies will only be temporary, depending on the circumstances, as described in the attached document, Temporary Nature of Continued Occupancy (Attachment 4).

For assistance in finding affordable housing, you may wish to contact one or more of HUD's approved housing counseling agencies. These agencies usually provide services at little or no cost. A counselor may be able to recommend other organizations that can also be of assistance. If you have access to the Internet, you may locate a local housing counseling agency by visiting the following webpage: http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm. Alternatively, you may call the HUD Housing Counseling and Referral Line, weekdays between 9:00 am and 5:00 pm EST. The Referral Line telephone number is (800) 569-4287.

If you have any questions concerning this notice, please contact Idaho Housing and Finance Association at 208-331-4700.

ACCEPTED                                    Sincerely,

February 27, 2026                           Bonial & Associates, P.C.

Attachments
**Attachment 1** (*Request for Occupied Conveyance* - form HUD - 9539)
**Attachment 2** (*Request for Verification of Employment*)
**Attachment 3** (*Conditions for Continued Occupancy*)
**Attachment 4** (*Temporary Nature of Continued Occupancy*)

*To the extent Bonial & Associates, P.C. is deemed a "debt collector" under federal law, this is an attempt to collect a debt and information obtained will be used for that purpose. If you are in bankruptcy or have received a bankruptcy discharge, this letter is for informational purposes only and is not intended to be an attempt to collect a debt or an act to collect, assess or recover any portion of the debt from you personally.*

*Assert and protect your rights as a member of the Armed Forces of the United States. If you or your spouse is serving on active military duty, including active military as a member of the Texas National Guard or the National Guard of another state, or as a member of a reserve component of the Armed Forces of the United States, please send written notice of the active duty military service to the sender of this notice immediately.*

ACCEPTED
*CO* ——— February 27, 2026

Attachment 1 *(Request for Occupied Conveyance - Form HUD – 9539)*

## Request for Occupied Conveyance

U.S. Department of Housing and Urban Development
Office of Housing - Federal Housing Commissioner

OMB Approval No. 2502-0429 (exp. 12/31/2017)

Public reporting burden for this collection of information is estimated to average 0.25 hours per mortgage and 0.5 hours per occupant, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Privacy Act Statement: The Department of Housing and Urban Development (HUD) is authorized to collect this information by 24 CFR 203.675 (b)(3). Section 165 of the Housing and Community Development Act of 1987, 42 U.S.C. 3543, requires persons applying for assistance under HUD programs to furnish his or her Social Security Number (SSN). The information will enable HUD to determine whether you qualify as a tenant, to maintain tenant rental accounts, and will provide the basis for facilitating the management and administration of the property disposition program. The information will be released to the local real estate broker who manages the property to facilitate property management. The information may be used to facilitate collection of overdue rents and may be released to collection agencies, consumer reporting and commercial credit agencies, and attorneys hired by the Department. It may also be released to appropriate Federal, State, and local agencies to facilitate collection of rent and, when relevant, to civil, criminal, or regulatory investigations or prosecutions. The information will not be otherwise disclosed or released outside of HUD, except as permitted or required by law. You must provide all of the information requested, including all SSNs you and all other household members age six (6) years of age and older, have and use. Giving the SSNs of all family members 6 years of age and older is mandatory; failure to provide the SSNs will affect your eligibility in the program. Failure to provide the requested information may result in a delay or rejection of your request to remain as an occupant.

This form does not supersede the Mortgagee's and/or Servicer's required compliance to the Protecting Tenants at Foreclosure Act (PTFA).

This form must be completed by the Occupant(s). When completed, send to HUD's Mortgagee Compliance Manager (MCM). The address, fax, or email information of HUD's current MCM can be found at http://www.hud.gov/offices/hsg/sfh/nsc/mcm.cfm or you can call 1-800-Call-FHA

| Property Address: | | Unit No.: |
|---|---|---|
| City, State & Zip Code: | | |

| Name of Mortgage Company (Lender): | Mortgage Loan No.: | FHA Case No.: |
|---|---|---|

Dear Sir:

I(We) desire to continue in occupancy as a tenant of this property if acquired by HUD. I(We) have lived in this property since _____ (please insert date). I(We) will sign a month-to-month lease and pay one month's rent within 15 days of the lease being presented to me(us). I(We) believe that I(we) can afford to make monthly rental payments. In my(our) opinion, this property, in its present condition is structurally sound, free from health and safety hazards, and is otherwise habitable.

You may contact me(us) for arranging a convenient time for HUD's required inspection at the following telephone number _____ or my(our) representative at _____ .
(HUD must be able to make contact during normal working hours.)

I(We) understand that HUD's approval of my(our) request will, in part, be based on my(our) ability to make monthly rental payments.
To assist HUD in making its determination, I(we) submit the following information concerning my(our) income:

| Occupant's Name : | Occupation : | Social Security No. | Gross Pay Per Month $ |
|---|---|---|---|
| Employer's Name and Address : | | | Employer's Telephone No. |
| Spouse's Name : | Occupation : | Social Security No. | Gross Pay Per Month $ |
| Employer's Name and Address : | | | Employer's Telephone No. |

Names and Social Security Nos. of all Other Household Members 6 yrs. or older:

| Other Family Income (explain): | Other Sources of Income (if any): |
|---|---|

**Obligations** (list all obligations including car loans, installment payments, and credit cards)

| Creditor's Name | Address (include city, State, & zip code): | Present Balance | Monthly Payment |
|---|---|---|---|
| | | $ | $ |
| | | | |
| | | | |
| | | | |
| | | | |

You have my(our) permission to contact any of the above for verification purposes.

| Occupant's Signature : | Spouse's Signature : | Date : |
|---|---|---|
| X | X | |

ref. Handbook 4310.5       form **HUD-9539** (11/10)

Attachment 2 *(Request for Verification of Employment)*

ACCEPTED
CON — February 27, 2026

## Verification of Employment

| | |
|---|---|
| (Name of HOME Participating Jurisdiction) | Employed since: _____ Occupation: _____ |
| | Salary: _____ |
| | Effective date of last increase: _____ |
| | Base pay rate: |
| | $_____/Hour; or $_____/Week; or $_____/Month |
| | Average hours/week at base pay rate: ____ Hours |
| | No. weeks ____, or No. weeks ____ worked/Year |
| AUTHORIZATION: Federal Regulations require us to verify Employment Income of all members of the household applying for participation in the HOME Program which we operate and to reexamine this income periodically. We ask your cooperation in supplying this information. This information will be used only to determine the eligibility status and level of benefit of the household. | Overtime pay rate: $_____/Hour |
| | Expected average number of hours overtime worked per week during next 12 months _____ |
| | Any other compensation not included above |
| | (specify for commissions, bonuses, tips, etc.): |
| | For: _____ $_____ per _____ |
| Your prompt return of the requested information will be appreciated. A self-addressed return envelope is enclosed. | Is pay received for vacation? ◦ Yes ◦ No |
| | If Yes, no. of days per year ____ |
| | Total base pay earnings for past 12 mos. $_____ |
| | Total overtime earnings for past 12 mos. $_____ |
| | Probability and expected date of any pay |
| | increase: _____ |
| | Does the employee have access to a |
| | retirement account? ◦ Yes ◦ No |
| | If Yes, what amount can they get access to: |
| | $_____ |
| RELEASE: I hereby authorize the release of the requested information. | Signature of _____ or Authorized Representative |
| _____ (Signature of Applicant) | _____ |
| Date: _____ | Title: _____ |
| or a copy of the executed "HOME Program Eligibility Release Form," which authorizes the release of the information requested, is attached. | Date: _____ |
| | Telephone: _____ |

WARNING:    Title 18, Section 1001 of the U.S. Code states that a person is guilty of a felony for knowingly and willingly making false or fraudulent statements to any department of the United States Government

ACCEPTED

CO ————— February 27, 2026

Attachment 3 *(Conditions for Continued Occupancy)*

## HUD's Occupied Conveyance Procedures
### CONDITIONS FOR CONTINUED OCCUPANCY

Unless eviction is prohibited by state or local law, or by circumstances beyond the control of your lender, the following conditions must be met before HUD can approve the occupied conveyance of an acquired property. HUD will determine whether these conditions have been met at HUD's sole and absolute discretion, pursuant to authority provided in FHA occupied conveyance regulations at 24 CFR §§ 203.670-681 and additional guidance provided by the Department:

1. You agree to sign a month-to-month lease at fair market rent at the time HUD acquires the property and on a form prescribed by HUD (note: if you qualify for continued occupation based on Item 6.b. below, you will need to pay one month's rent in advance at the time the lease is executed);

2. Your total housing cost (rent plus utility costs) will not exceed 38 percent of your net income. However, a higher percentage may be permitted if you have been paying at least the required rental amount or there are other compensating factors, such as savings or family assistance;

3. You agree to allow access to the property, during normal business hours and with two days advance notice, by HUD staff or HUD representatives (including real estate brokers) so that the property can be inspected, repaired, or shown to prospective purchasers;

4. You disclose the complete and accurate Social Security Number assigned to you and to each member of your household; and

5. You submit your request and supporting documentation within 20 days as provided in the attached Notice to Occupant of Pending Acquisition; and

6. **At least one of the following two sets of conditions has been met:**

   a.   An individual residing in the property suffers from a permanent, temporary, or long-term illness or injury that would be aggravated by the process of moving from the property, **or**

   b.   HUD determines that it is in HUD's interest to accept your continued occupation based on criteria described in 24 CFR § 203.671, provided that the property is habitable as described in 24 CFR § 203.673, and that at the time your lender acquires title to the property, you will have lived in the property for at least 90 days.





ACCEPTED ON _____ February 27, 2026

Attachment 4 *(Temporary Nature of Continued Occupancy)*

## HUD's Occupied Conveyance Procedures
## TEMPORARY NATURE OF CONTINUED OCCUPANCY

This is to advise you that occupancy of HUD-owned property is temporary in all cases and is subject to termination to facilitate preparing the property for sale and completing the sale. Temporary means that your lease arrangement with HUD is subject to termination at the convenience of the government upon 30 days' notice, or otherwise in accordance with applicable law. You should not view your occupancy of the property as a permanent or long-term arrangement. It is HUD's policy to ask you to vacate the property and, if necessary, take appropriate eviction action for the following causes:

1. Your failure to execute the lease.

2. Your failure to pay the required rent, including the initial payment at the time of execution of the lease.

3. Your failure to comply with the terms of the lease.

4. Your failure to allow access to the property upon request to accomplish necessary repairs, inspect the property, or allow real estate brokers to show the property to prospective purchasers.

5. Necessity to facilitate preparation of the property for sale and for completion of the sale; or

6. Assignment of the property by HUD to a different use or program.

 Case Number 512-3101507-703

File Number 9658-1904   Page 7 of 7

"Exhibit C"

IN THE UNITED STATES DISTRICT AND BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

MAR 18 2026

Nathan Ochsner, Clerk of Court

**Chanee Tennille Coleman,**

Petitioner and Real Party in Interest,

v.

**UNITED STATES OF AMERICA,** acting through the Secretary of Housing and Urban Development and additionally acting through the Chairman of the Securities and Exchange Commission, or a majority of the Commissioners;

**IDAHO HOUSING AND FINANCE ASSOCIATION,** individually and as alleged mortgagee or servicer;

**BONIAL & ASSOCIATES, P.C.**

**STATE OF TEXAS,** acting through its Attorney General, Texas Department of Housing and Community Affairs Governing Board and Executive Director, and other relevant regulatory authorities;

**THE CHAIRMAN OF THE SECURITIES AND EXCHANGE COMMISSION, or a majority of the Commissioners,**

and

**ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY RIGHT, TITLE, OR INTEREST** in the real property described herein,

Defendants.

Civil Action No. TBD

**VERIFIED PETITION**

**BILL IN EQUITY TO QUIET TITLE, FOR DECLARATORY RELIEF, EQUITABLE REDEMPTION, RESCISSION, CANCELLATION OF INSTRUMENTS, ACCOUNTING, CONSTRUCTIVE TRUST, EQUITABLE ESTOPPEL, EQUITABLE SUBROGATION, AND ANCILLARY MATTERS**

Petitioner invokes the equitable jurisdiction of this Court pursuant to 28 U.S.C. §§ 1346(f), 2409a, 1367, and 2201, the Quiet Title Act of 1972 (Public Law No. 92-562, 86 Stat. 1176), the Federal Rules of Civil Procedure, and long-established principles of equity.

**I. NATURE OF THE ACTION**

1. This is a civil action in equity concerning disputed title to real property commonly known as:

Notice #62025030-1647*SEALED

IN THE UNITED STATES DISTRICT AND BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

**Chanee Tennille Coleman,**

Petitioner and Real Party in Interest,

v.

**UNITED STATES OF AMERICA**, acting through the Secretary of Housing and Urban Development and additionally acting through the Chairman of the Securities and Exchange Commission, or a majority of the Commissioners;

**IDAHO HOUSING AND FINANCE ASSOCIATION**, individually and as alleged mortgagee or servicer;

**BONIAL & ASSOCIATES, P.C.,**

**STATE OF TEXAS**, acting through its Attorney General, Texas Department of Housing and Community Affairs Governing Board and Executive Dirctor, and other relevant regulatory authorities;

**THE CHAIRMAN OF THE SECURITIES AND EXCHANGE COMMISSION, or a majority of the Commissioners,**

and

**ALL PERSONS OR ENTITIES UNKNOWN CLAIMING ANY RIGHT, TITLE, OR INTEREST** in the real property described herein,

Defendants.

Civil Action No. TBD

## VERIFIED PETITION

### BILL IN EQUITY TO QUIET TITLE, FOR DECLARATORY RELIEF, EQUITABLE REDEMPTION, RESCISSION, CANCELLATION OF INSTRUMENTS, ACCOUNTING, CONSTRUCTIVE TRUST, EQUITABLE ESTOPPEL, EQUITABLE SUBROGATION, AND ANCILLARY MATTERS

Petitioner invokes the equitable jurisdiction of this Court pursuant to **28 U.S.C. §§ 1346(f), 2409a, 1367, and 2201**, the **Quiet Title Act of 1972 (Public Law No. 92-562, 86 Stat. 1176)**, the **Federal Rules of Civil Procedure**, and long-established principles of equity.

### I. NATURE OF THE ACTION

1. This is a civil action in equity concerning disputed title to real property commonly known as:

**15538 KIPLANDS BEND DRIVE**
**HOUSTON, HARRIS COUNTY, TEXAS 77014-1535,** and legally described as: "The land referred to in this document is situated in the **CITY OF HOUSTON, COUNTY OF HARRIS, STATE OF TEXAS,** and described as follows: **LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS."**
(the "Subject Property").

2. The action seeks adjudication of the **validity, priority, and extent of competing interests** asserted against the Subject Property.

3. The Petition further seeks equitable relief including:

- quiet title,

- equitable redemption,

- rescission and cancellation of instruments,

- accounting of debt and foreclosure proceeds,

- declaratory relief determining legal rights in the property, and

- other equitable remedies necessary to remove the cloud upon title.

4. The controversy arises from **foreclosure proceedings and asserted mortgage interests** that conflict with Petitioner's claimed property interests and possessory rights.

## II. JURISDICTION AND VENUE

5. Jurisdiction is invoked pursuant to:

• **28 U.S.C. § 1346(f)** — jurisdiction over civil actions involving claims to real property in which the United States claims an interest;

• **28 U.S.C. § 2409a** — the Quiet Title Act;

• **28 U.S.C. § 1367** — supplemental jurisdiction;

• **28 U.S.C. § 2201** — declaratory judgment jurisdiction.

6. This action arises under the **Quiet Title Act of 1972,** which authorizes suits to adjudicate real property title disputes involving federal interests.

7. Venue is proper in the **Southern District of Texas** pursuant to **28 U.S.C. § 1391** because the Subject Property lies within this District.

---

Notice #62025030-1647*SEALED

III. PARTIES

8. **Petitioner Chanee Tennille Coleman** is the occupant and real party in interest asserting possessory, equitable, and claimed title interests in the Subject Property.

9. **The United States of America** is named because federal agencies claim or may claim interests in the Subject Property through federal housing programs and foreclosure-related conveyance procedures.

10. The **Secretary of Housing and Urban Development** is implicated because the Subject Property is represented to be associated with a **Federal Housing Administration insured mortgage loan.**

11. According to foreclosure correspondence received by Petitioner, the property is expected to be conveyed to **Idaho Housing and Finance Association** and thereafter transferred to the Secretary of Housing and Urban Development.

12. **Idaho Housing and Finance Association** is identified as the mortgagee or servicer claiming entitlement to foreclose upon the Subject Property.

13. **Bonial & Associates, P.C.** is the law firm transmitting foreclosure notices and acting as debt collector in connection with the alleged mortgage obligation.

14. **The State of Texas** is joined because state statutory frameworks, recording systems, and enforcement mechanisms affect the alleged mortgage and foreclosure interests asserted against the property.

15. The **Chairman of the Securities and Exchange Commission, or a majority of the Commissioners**, are joined to the extent that the alleged mortgage loan may have been securitized or included in investment instruments governed by federal securities laws.

16. Additional **unknown persons or entities** claiming interests through assignments, securitization, foreclosure proceedings, or conveyances are joined to ensure complete adjudication.

## IV. FACTUAL ALLEGATIONS

A. Concrete and Particularized Injury

17. Petitioner occupies the Subject Property and asserts possessory and equitable interests therein.

18. Petitioner has received communications alleging the existence of a mortgage loan secured by the Subject Property.

---

Notice #62025030-1647*SEALED

19. Petitioner disputes the existence of any valid deed of trust or other instrument securing indebtedness against the property.

20. The asserted foreclosure proceedings and related notices have resulted in:

• threat of dispossession,
• impairment of property interests,
• damage to property rights and occupancy status, and
• creation of a continuing cloud upon title.

21. These injuries are personal, concrete, and particularized.

B. Debt Collection and Foreclosure Notices

22. On **January 17, 2026,** Petitioner received correspondence from **Bonial & Associates, P.C.** asserting collection of a mortgage debt on behalf of **Idaho Housing and Finance Association.**

23. The correspondence claimed an alleged loan balance exceeding **$149,000** and demanded dispute of the debt within a specified period.

24. Petitioner disputes the validity of the alleged debt and asserts that no lawful instrument secures such indebtedness against the Subject Property.

25. On **February 16, 2026,** Petitioner received an additional notice stating that foreclosure proceedings were underway and that the property would likely be conveyed to **Idaho Housing and Finance Association** and subsequently transferred to the **Secretary of Housing and Urban Development.**

C. Federal Housing Administration Interest Framework

26. The February notice states that the Subject Property is associated with a **Federal Housing Administration insured mortgage program.**

27. Under FHA procedures, properties acquired through foreclosure may be conveyed to the Secretary of Housing and Urban Development.

28. The notice further asserts that HUD requires properties conveyed to the Secretary to be vacant.

29. These assertions indicate that the **United States claims or may claim an interest in the Subject Property through federal housing program mechanisms.**

D. Securities-Related Interests

30. Mortgage loans insured by federal programs are frequently pooled into mortgage-backed securities regulated under federal securities laws.

Notice #62025030-1647*SEALED

31. If the alleged loan associated with the Subject Property has been securitized, federal securities regulatory interests may exist concerning the loan and its servicing.

E. State Interests

32. The State of Texas maintains regulatory oversight of real property recording systems, foreclosure procedures, and lending practices affecting the Subject Property.

33. The State's statutory framework and judicial precedents govern the enforcement of foreclosure and mortgage claims affecting Texas real property.

F. Causation

34. Petitioner's injuries arise from:

- asserted mortgage claims,
- foreclosure notices,
- threatened transfer of property to federal authorities, and
- competing claims of ownership or security interests.

G. Redressability

35. Judicial determination of the validity, priority, and extent of the competing interests will remove the cloud upon title.

36. Equitable relief will clarify the legal relations of the parties and prevent multiplicity of litigation.

## V. CLAIM FOR RELIEF — QUIET TITLE

37. Petitioner incorporates the foregoing allegations.

38. A substantial and actual controversy exists regarding lawful title to the Subject Property.

39. Petitioner asserts a cognizable property interest under Texas law.

40. Defendants assert or may assert adverse claims affecting the title.

41. These competing claims constitute a present cloud upon title within the meaning of the Quiet Title Act.

## VI. EQUITABLE REDEMPTION

42. Petitioner seeks equitable redemption to the extent foreclosure prerequisites were not satisfied or equity otherwise permits relief.

---

Notice #62025030-1647*SEALED

43. Equity disfavors forfeiture of property rights where statutory safeguards have not been strictly observed.

## VII. RESCISSION, CANCELLATION, AND ACCOUNTING

44. Petitioner seeks rescission of any void or voidable instruments affecting the property.

45. Petitioner requests cancellation of documents that improperly cloud title.

46. Petitioner further seeks a full accounting of:

- all alleged loan balances,
- servicing transactions,
- foreclosure proceeds, and
- insurance or guaranty payments.

## VIII. CONSTRUCTIVE TRUST

47. Where property has been retained or transferred under circumstances rendering continued beneficial ownership inequitable, imposition of a constructive trust is appropriate.

## IX. DECLARATORY RELIEF

48. Pursuant to **28 U.S.C. § 2201**, Petitioner seeks a declaration determining the rights and interests of all parties regarding the Subject Property.

49. Declaratory relief will resolve the existing controversy and remove the cloud upon title.

## X. JURISDICTIONAL FOUNDATION

A. Quiet Title Act Waiver

50. This action is brought within the sovereign-immunity waiver provided in **28 U.S.C. § 2409a**.

51. The United States claims or may claim an interest in the Subject Property through federal housing program mechanisms and anticipated conveyance procedures.

B. Article III Standing

52. Petitioner alleges:

- a specific property interest,
- concrete injury,

- causal connection to Defendants' conduct, and
- redressability through judicial decree.

C. Property-Specific Controversy

53. The Petition presents a property-specific dispute concerning title to a defined parcel of real property.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that the Court:

1. Determine the nature and extent of all claimed interests in the Subject Property;

2. Quiet title consistent with lawful priority;

3. Permit equitable redemption upon proper accounting where appropriate;

4. Rescind and cancel any void or voidable instruments affecting title;

5. Order a full accounting of all sums related to the alleged loan and foreclosure proceedings;

6. Impose a constructive trust where equity requires;

7. Declare the rights and legal relations of the parties; and

8. Grant such further equitable relief as justice requires.

Respectfully tendered,

**Chanee Coleman**
Petitioner and Real Party in Interest

**VERIFIED DECLARATION**

(28 U.S.C. § 1746)

I, **Chanee Coleman**, declare under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

**I affirm the foregoing as true and correct, without oath, in good faith and conscience.**

Notice #62025030-1647*SEALED

Respectfully tendered this 7th day of March, 2026 CE,

By: _____

Chanee Coleman, without prejudice
15538 Kiplands Bend Drive
Houston, Texas [77014-1535]
All rights reserved

Notice #62025030-1647*SEALED

P-6

IN THE DISTRICT COURT OF HARRIS COUNTY

STATE OF TEXAS

**FILED**
**Marilyn Burgess**
**District Clerk**

APR 2 3 2026

Time: _____
Harris County, Texas

By _____
Deputy

**Chanee Tennille Coleman,**
Petitioner and Real Party in Interest,

Court 333rd

v.

**IDAHO HOUSING AND FINANCE ASSOCIATION, et al.,**
Defendants.

202627287

Cause No. _____

## NOTICE OF VERIFIED COMPLAINT AND PETITION FOR TEMPORARY RESTRAINING ORDER

TO ALL DEFENDANTS AND ALL PARTIES IN INTEREST:

PLEASE TAKE NOTICE that Petitioner, Chanee Tennille Coleman, has filed a Notice of

Verified Complaint and hereby petitions to this Court for issuance of a **Temporary**

**Restraining Order ("TRO")** pursuant to Rule 680 and related provisions of the Texas Rules

of Civil Procedure.

I. BASIS FOR EMERGENCY RELIEF

Petitioner would show that **immediate and irreparable injury, loss, or damage will**

**result before notice can be served and a hearing had** unless this Court grants a

Temporary Restraining Order.

The grounds include:

1. **Imminent Foreclosure Sale**

   The Subject Property is scheduled for foreclosure under Notice of Trustee's Sale

RECORDER'S MEMORANDUM
This instrument is of poor quality at
the time of imaging

Notice #62025040-1723

identified as **FRCL-2026-2072**, with a scheduled sale date of **May 5, 2026**, creating an immediate threat of loss of possession and title.

2. **Cloud on Title and Disputed Interests**

There exists a substantial dispute regarding the validity, priority, and enforceability of any alleged lien, deed of trust, or securitized mortgage interest affecting the Subject Property.

3. **Federal and Competing Claims of Interest**

The Subject Property is represented to be associated with a federally insured mortgage, giving rise to competing claims involving federal and private entities, further clouding title.

4. **Defective Statutory Notice**

Required statutory notice procedures governing foreclosure sales were not properly satisfied, including failure to provide notice in the manner required by Texas law.

5. **Irreversible Transfer of Title**

The foreclosure process contemplates transfer of the Subject Property to third parties, potentially including institutional or governmental entities, which would irreversibly alter ownership before judicial review.

6. **Irreparable Harm**

The threatened loss of real property, possessory rights, and homestead interests constitutes irreparable injury for which there is no adequate remedy at law.

Notice #62025040-1723

## II. LEGAL GROUNDS

This application is supported by:

- Texas Rules of Civil Procedure 680, 681, and 683;

- Texas Rules of Evidence;

- Applicable Texas property law governing wrongful foreclosure and title disputes;

- Equitable principles recognized by Texas courts.

Petitioner has established:

1. A probable right to recovery;

2. A probable, imminent, and irreparable injury;

3. No adequate remedy at law.

## III. SPECIFIC RELIEF REQUESTED

Petitioner respectfully requests that the Court issue a **Temporary Restraining Order**:

1. **Enjoining Defendants**, their agents, attorneys, and all persons acting in concert with them from:

   - Conducting or proceeding with any foreclosure sale of the Subject Property;

   - Enforcing the Notice of Trustee's Sale **FRCL-2026-2072**;

   - Transferring, conveying, or encumbering the Subject Property;

   - Taking any action to dispossess Petitioner;

Notice #62025040-1723

2. **Maintaining the Status Quo** pending a hearing on a Temporary Injunction;

3. **Enjoining any sheriff's sale or substitute trustee sale** affecting the Subject

Property;

4. Granting all other relief to which Petitioner may be entitled.

IV. DESCRIPTION OF SUBJECT PROPERTY

The real property that is the subject of this action is commonly known as:

**15538 Kiplands Bend Drive**

**Houston, Harris County, Texas 77014-1535**

Legally described as:

"LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN

HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER

FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS."

V. TIMING OF RELIEF

Petitioner requests that the Temporary Restraining Order:

- Be considered within the time period **not prior to April 22, 2026, and not later
  than May 4, 2026;**

- Remain in effect for the period authorized under Texas law pending further hearing.

## VI. VERIFIED BASIS

Petitioner relies upon the Verified Petition and supporting declaration on file and affirms that the factual allegations are true and correct to the best of Petitioner's knowledge, information, and belief.

## VII. NO ADEQUATE REMEDY AT LAW

Petitioner shows that:

- Real property is unique under Texas law;

- Once sold, title may pass to third parties, complicating recovery;

- Possession and ownership rights cannot be fully restored through monetary damages.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Petitioner respectfully prays that the Court:

1. Issue a Temporary Restraining Order as requested;

2. Set a hearing for Temporary Injunction;

3. Grant such other and further relief, at law or in equity, to which Petitioner may be entitled.

Respectfully submitted,

Date: April 9, 2026.

By: _____

Chanee Coleman, without prejudice

Notice #62025040-1723

ACCEPTED   May 23, 2026

# ⚈SMART

**Partial Claim Payoff from HUD**                    May 23, 2026 @ 8:00 AM EDT



**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**WASHINGTON, DC 20410-8000**

OFFICE OF HOUSING

# Your Payoff Request

This letter is in response to the payoff amount request we received for subordinate mortgage(s) held by the Secretary of the U.S. Department of Housing and Urban Development (HUD) associated with the referenced case number below. This payoff amount includes all Partial Claims and Payment Supplement subordinate mortgages, where a claim has been paid by HUD as of the date below.

HUD has calculated the payoff amount based on receipt of funds by **Friday, August 21, 2026**, which is 90 days from the date of this letter. HUD Partial Claim and Payment Supplement Notes are non-interest bearing, so there is no per diem calculation. Payment must be paid in one lump sum. If payment is received for any amount other than the total payoff amount below, the processing and/or release of the lien may be delayed.

In the event you are due a refund, you will be contacted by HUD's Loan Servicing Contractor to obtain banking information for funds to be sent to you via ACH.

**FHA Case No.: 512-3101507**
**Total Payoff Amount Due HUD: $30,634.98\***
<u>View Borrower and Property Information</u>

\*Total payoff amount is comprised of outstanding amounts on Partial Claim(s) including Payment Supplements that are completed or terminated as of Saturday, May 23, 2026.

ACCEPTED

May 23, 2024

## Breakdown of Payoff Amounts for FHA Case 512-3101507:

| Claim No. | Type | Execution Date | Outstanding Balance |
|-----------|-------|----------------|---------------------|
| 2249704 | CVD19 | 04/25/2024 | $18,180.25 |
| 1829570 | CVD19 | 03/29/2023 | $12,454.73 |

### Pay Online (preferred method)

- Pay online at Pay.gov.
- Pay.gov is an official website of the United States government and the secure way to pay U.S. Federal Government Agencies.

### Pay by Mail

- Forms of payment accepted are cashier's check, escrow check, or certified funds.
- The check must be payable to HUD.
- A copy of this payoff letter must be included with your full payment.
- Mail your payment to:

ISN Corporation
Attn.: PARTIAL CLAIM CASH MANAGEMENT
2000 N Classen Blvd, Suite 3200
Oklahoma City, OK 73106

For further assistance, please contact HUD's FHA Resource Center at 1-800-CALLFHA (225-5342) or email us at answers@hud.gov Monday thru Friday, from 7:00 a.m. to 7:00 p.m. Central Time.

Thank you,
ISN Corporation

View Payoff Information

For your convenience, the links for the above buttons are also provided below:
View Payoff Information: https://sip.hudnsc.org/validate_email.cfm?uuid=4F05F743-AE1C-9CA3-6B1A23A31ACD49F2

☐ CORRECTED ( If checked )

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no<br>U.S. Department of Housing and Urban Dev<br>451 SEVENTH STREET SW<br>WASHINGTON DC 20410<br>US - Phone:8002255342 | | Applicable checkbox on Form 8949<br>X | OMB No. 1545-0715<br>**2025**<br>Form **1099-B** | **Proceeds From Broker and Barter Exchange Transactions** |
|---|---|---|---|---|
| | | 1a Description of property (Example: 100 sh. XYZ Co.)<br>note receivable acct 512-3101507 | | |
| PAYER'S TIN<br>72-0564834 | RECIPIENT'S TIN<br>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 | 1b Date acquired<br>01/01/2025 | 1c Date sold or disposed<br>12/31/2025 | **Copy B** |
| RECIPIENT'S name, address,City or town, state or province, ZIP/ postal code & Country<br>CHANEE T COLEMAN | | 1d Proceeds<br>$ 1413910.00 | 1e Cost or other basis<br>$1413910.00 | **For Recipient** |
| 15538 Kiplands Bend Dr<br>Houston TX 77014<br>US | | 1f Accrued market discount<br>$0.00 | 1g Wash sale loss disallowed<br>$0.00 | This is important tax information and is being furnished to the IRS. If you are required to |
| | | 2 Short-term gain or loss ☐<br>Long-term gain or loss ☐<br>Ordinary    ☐ | 3 If checked, proceeds from:<br>Collectibles ☐<br>QOF ☐ | file a return, a negligence penalty or other sanction |
| Account number (see instructions)<br>613312744173 | | 4 Federal income tax withheld<br>$ 339338.00 | 5 If checked, noncovered security ☐ | may be imposed on you if this |
| CUSIP number<br>XXXXXXXXX | FATCA filing requirement<br>☐ | 6 Reported to IRS:<br>Gross proceeds ☐<br>Net proceeds ☐ | 7 If checked, loss is not allowed based on amount in 1d ☐ | income is taxable and the IRS |
| | | 8 Profit or (loss) realized in 2025 on closed contracts<br>$ | 9 Unrealized profit or (loss) on open contracts—12/31/2024<br>$ | determines that it has not been reported. |
| 14 State name | 15 State identification no. | 16 State tax withheld | 10 Unrealized profit or (loss) on open contracts—12/31/2025<br>$ | 11 Aggregate profit or (loss) on contracts<br>$ | |
| | | $ 0.00 | 12 If checked, basis reported to IRS ☐ | 13 Bartering<br>$0.00 | |

Form**1099-B**

www.1099Online.com - IRS Approved e File Provider                www.irs.gov/Form1099B

**Instructions for Recipient**

Brokers and barter exchanges must report proceeds from (and in some cases, basis for) transactions to you and the IRS on Form 1099-B. Reporting is also required when your broker knows or has reason to know that a corporation in which you own stock has had a reportable change in control or capital structure. You may be required to recognize gain from the receipt of cash, stock, or other property that was exchanged for the corporation's stock. If your broker reported this type of transaction to you, the corporation is identified in box 1a.

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (SSN, ITIN, ATIN, or EIN). However, the issuer has reported your complete TIN to the IRS.
**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.
**CUSIP number.** Shows the CUSIP (Committee on Uniform Security Identification Procedures) number or other applicable identifying number.
**BFATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.
**Applicable checkbox on Form 8949.** Indicates where to report this transaction on Form 8949 and Schedule D (Form 1040), and which checkbox is applicable. See the instructions for your Schedule D (Form 1040) and/or Form 8949.
**Box 1a.** Shows a brief description of the item or service for which amounts are being reported. For regulated futures contracts and forward contracts, "RFC" or other appropriate description may be shown. For Section 1256 option contracts, "Section 1256 option" or other appropriate description may be shown. For a corporation that had a reportable change in control or capital structure, this box may show the class of stock as C (common), P (preferred), or O (other).

**Box 1b.** This box may be blank if box 5 is checked or if the securities sold were acquired on a variety of dates. For short sales, the date shown is the date you acquired the security delivered to close the short sale.

**Box 1c.** Shows the trade date of the sale or exchange. For short sales, the date shown is the date the security was delivered to close the short sale. For aggregate reporting in boxes 8 through 11, no entry will be present.
**Box 1d.** Shows the cash proceeds, reduced by any commissions or transfer taxes related to the sale, for transactions involving stocks, debt, commodities, forward contracts, non-Section 1256 option contracts, or securities futures contracts. May show the proceeds from the disposition of your interest(s) in a widely held fixed investment trust. May also show the aggregate amount of cash and the fair market value of any stock or other property received in a reportable change in control or capital structure arising from the corporate transfer of property to a foreign corporation. Losses on forward contracts or non-Section 1256 option contracts are shown in parentheses. This box does not include proceeds from regulated futures contracts or Section 1256 option contracts. Report this amount on Form 8949 or on Schedule D (Form 1040) (whichever is applicable) as explained in the Instructions for Schedule D (Form 1040).
**Box 1e.** Shows the cost or other basis of securities sold. If the securities were acquired through the exercise of a noncompensatory option granted or acquired on or after January 1, 2014, the basis has been adjusted to reflect your option premium. If the securities were acquired through the exercise of a noncompensatory option granted or acquired before January 1, 2014, your broker is permitted, but not required, to adjust the basis to reflect your option premium. If the securities were acquired through the exercise of a compensatory option, the basis has not been adjusted to include any amount related to the option that was reported to you on a Form W-2. If box 5 is checked, box 1e may be blank. See the Instructions for Form 8949, the Instructions for Schedule D (Form 1040), or Pub. 550 for details.
*(Continued on the back of Copy 2.)*

☐ CORRECTED ( If checked )

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no<br>STATE OF TEXAS<br>P O BOX 12548<br>AUSTIN TX 78711<br>US - Phone:8002528014 | | Applicable checkbox on Form 8949<br>X | OMB No. 1545-0715<br>**2025**<br>Form **1099-B** | Proceeds From Broker and Barter Exchange Transactions |
|---|---|---|---|---|
| | | 1a Description of property (Example: 100 sh. XYZ Co.)<br>note receivable acct TDH29084 | | |
| PAYER'S TIN<br>74-2764775 | RECIPIENT'S TIN<br>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 | 1b Date acquired<br>01/01/2025 | 1c Date sold or disposed<br>12/31/2025 | **Copy B** |
| RECIPIENT'S name, address,City or town, state or province, ZIP/ postal code & Country<br>CHANEE T COLEMAN<br>15538 Kiplands Bend Dr<br>Houston TX 77014<br>US | | 1d Proceeds<br>$ 1413910.00 | 1e Cost or other basis<br>$1413910.00 | **For Recipient** |
| | | 1f Accrued market discount<br>$0.00 | 1g Wash sale loss disallowed<br>$0.00 | This is important tax information |
| | | 2 Short-term gain or loss ☐<br>Long-term gain or loss ☐<br>Ordinary       ☐ | 3 If checked, proceeds from:<br>Collectibles ☐<br>QOF ☐ | and is being furnished to the IRS. If you are required to |
| Account number (see instructions)<br>582813665759 | | 4 Federal income tax withheld<br>$ 339338.00 | 5 If checked, noncovered security ☐ | file a return, a negligence penalty or other sanction |
| CUSIP number<br>XXXXXXXXX | FATCA filing requirement<br>☐ | 6 Reported to IRS:<br>Gross proceeds ☐<br>Net proceeds ☐ | 7 If checked, loss is not allowed based on amount in 1d ☐ | may be imposed on you if this income is |
| | | 8 Profit or (loss) realized in 2025 on closed contracts<br>$ | 9 Unrealized profit or (loss) on open contracts—12/31/2024<br>$ | taxable and the IRS |
| 14 State name | 15 State identification no. | 16 State tax withheld | | determines that it has not |
| | | $ 0.00 | 10 Unrealized profit or (loss) on open contracts—12/31/2025<br>$ | 11 Aggregate profit or (loss) on contracts<br>$ |
| | | | 12 If checked, basis reported to IRS ☐ | 13 Bartering<br>$0.00 |

Form**1099-B**          www.1099Online.com - IRS Approved e File Provider          www.irs.gov/Form1099B

**Instructions for Recipient**

Brokers and barter exchanges must report proceeds from (and in some cases, basis for) transactions to you and the IRS on Form 1099-B. Reporting is also required when your broker knows or has reason to know that a corporation in which you own stock has had a reportable change in control or capital structure. You may be required to recognize gain from the receipt of cash, stock, or other property that was exchanged for the corporation's stock. If your broker reported this type of transaction to you, the corporation is identified in box 1a.

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (SSN, ITIN, ATIN, or EIN). However, the issuer has reported your complete TIN to the IRS.
**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.
**CUSIP number.** Shows the CUSIP (Committee on Uniform Security Identification Procedures) number or other applicable identifying number.
**BFATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.
**Applicable checkbox on Form 8949.** Indicates where to report this transaction on Form 8949 and Schedule D (Form 1040), and which checkbox is applicable. See the instructions for your Schedule D (Form 1040) and/or Form 8949.
**Box 1a.** Shows a brief description of the item or service for which amounts are being reported. For regulated futures contracts and forward contracts, "RFC" or other appropriate description may be shown. For Section 1256 option contracts, "Section 1256 option" or other appropriate description may be shown. For a corporation that had a reportable change in control or capital structure, this box may show the class of stock as C (common), P (preferred), or O (other).

**Box 1b.**This box may be blank if box 5 is checked or if the securities sold were acquired on a variety of dates. For short sales, the date shown is the date you acquired the security delivered to close the short sale.

**Box 1c.**Shows the trade date of the sale or exchange. For short sales, the date shown is the date the security was delivered to close the short sale. For aggregate reporting in boxes 8 through 11, no entry will be present.
**Box 1d.**Shows the cash proceeds, reduced by any commissions or transfer taxes related to the sale, for transactions involving stocks, debt, commodities, forward contracts, non-Section 1256 option contracts, or securities futures contracts. May show the proceeds from the disposition of your interest(s) in a widely held fixed investment trust. May also show the aggregate amount of cash and the fair market value of any stock or other property received in a reportable change in control or capital structure arising from the corporate transfer of property to a foreign corporation. Losses on forward contracts or non-Section 1256 option contracts are shown in parentheses. This box does not include proceeds from regulated futures contracts or Section 1256 option contracts. Report this amount on Form 8949 or on Schedule D (Form 1040) (whichever is applicable) as explained in the Instructions for Schedule D (Form 1040).
**Box 1e.**Shows the cost or other basis of securities sold. If the securities were acquired through the exercise of a noncompensatory option granted or acquired on or after January 1, 2014, the basis has been adjusted to reflect your option premium. If the securities were acquired through the exercise of a noncompensatory option granted or acquired before January 1, 2014, your broker is permitted, but not required, to adjust the basis to reflect your option premium. If the securities were acquired through the exercise of a compensatory option, the basis has not been adjusted to include any amount related to the option that was reported to you on a Form W-2. If box 5 is checked, box 1e may be blank. See the Instructions for Form 8949, the Instructions for Schedule D (Form 1040), or Pub. 550 for details.
*(Continued on the back of Copy 2.)*

☐ CORRECTED ( If checked )

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no<br>Idaho Housing and Finance Association<br>565 MYRTLE<br>BOISE ID 83702<br>US - Phone:8005267145 | | Applicable checkbox on Form 8949<br>X | OMB No. 1545-0715<br>**2025**<br>Form **1099-B** | **Proceeds From Broker and Barter Exchange Transactions** |
|---|---|---|---|---|
| | | **1a** Description of property (Example: 100 sh. XYZ Co.)<br>note receivable acct 4850104102 | | |
| PAYER'S TIN<br>82-0302333 | RECIPIENT'S TIN<br>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 | **1b** Date acquired<br>01/01/2025 | **1c** Date sold or disposed<br>12/31/2025 | **Copy B** |
| RECIPIENT'S name, address,City or town, state or province, ZIP/ postal code & Country<br>CHANEE T COLEMAN | | **1d** Proceeds<br>$ 1413910.00 | **1e** Cost or other basis<br>$1413910.00 | **For Recipient** |
| 15538 Kiplands Bend Dr<br>Houston TX 77014<br>US | | **1f** Accrued market discount<br>$0.00 | **1g** Wash sale loss disallowed<br>$0.00 | This is important tax information |
| | | **2** Short-term gain or loss ☐<br>Long-term gain or loss ☐<br>Ordinary   ☐ | **3** If checked, proceeds from:<br>Collectibles ☐<br>QOF ☐ | and is being furnished to the IRS. If you are required to |
| Account number (see instructions)<br>518643713643 | | **4** Federal income tax withheld<br>$ 339338.00 | **5** If checked, noncovered security ☐ | file a return, a negligence penalty or other sanction |
| | | **6** Reported to IRS:<br>Gross proceeds ☐<br>Net proceeds ☐ | **7** If checked, loss is not allowed based on amount in 1d ☐ | may be imposed on you if this income is |
| CUSIP number<br>XXXXXXXXX | FATCA filing requirement<br>☐ | **8** Profit or (loss) realized in 2025 on closed contracts<br>$ | **9** Unrealized profit or (loss) on open contracts—12/31/2024<br>$ | taxable and the IRS |
| 14 State name | 15 State identification no. | 16 State tax withheld | **10** Unrealized profit or (loss) on open contracts—12/31/2025<br>$ | **11** Aggregate profit or (loss) on contracts<br>$ | determines that it has not |
| | | $ 0.00 | **12** If checked, basis reported to IRS ☐ | **13** Bartering<br>$0.00 | been reported. |

Form **1099-B**

www.1099Online.com - IRS Approved e File Provider

www.irs.gov/Form1099B

**Instructions for Recipient**

Brokers and barter exchanges must report proceeds from (and in some cases, basis for) transactions to you and the IRS on Form 1099-B. Reporting is also required when your broker knows or has reason to know that a corporation in which you own stock has had a reportable change in control or capital structure. You may be required to recognize gain from the receipt of cash, stock, or other property that was exchanged for the corporation's stock. If your broker reported this type of transaction to you, the corporation is identified in box 1a.

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (SSN, ITIN, ATIN, or EIN). However, the issuer has reported your complete TIN to the IRS.
**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.
**CUSIP number.** Shows the CUSIP (Committee on Uniform Security Identification Procedures) number or other applicable identifying number.
**BFATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.
**Applicable checkbox on Form 8949.** Indicates where to report this transaction on Form 8949 and Schedule D (Form 1040), and which checkbox is applicable. See the instructions for your Schedule D (Form 1040) and/or Form 8949.
**Box 1a.** Shows a brief description of the item or service for which amounts are being reported. For regulated futures contracts and forward contracts, "RFC" or other appropriate description may be shown. For Section 1256 option contracts, "Section 1256 option" or other appropriate description may be shown. For a corporation that had a reportable change in control or capital structure, this box may show the class of stock as C (common), P (preferred), or O (other).

**Box 1b.** This box may be blank if box 5 is checked or if the securities sold were acquired on a variety of dates. For short sales, the date shown is the date you acquired the security delivered to close the short sale.

**Box 1c.** Shows the trade date of the sale or exchange. For short sales, the date shown is the date the security was delivered to close the short sale. For aggregate reporting in boxes 8 through 11, no entry will be present.
**Box 1d.** Shows the cash proceeds, reduced by any commissions or transfer taxes related to the sale, for transactions involving stocks, debt, commodities, forward contracts, non-Section 1256 option contracts, or securities futures contracts. May show the proceeds from the disposition of your interest(s) in a widely held fixed investment trust. May also show the aggregate amount of cash and the fair market value of any stock or other property received in a reportable change in control or capital structure arising from the corporate transfer of property to a foreign corporation. Losses on forward contracts or non-Section 1256 option contracts are shown in parentheses. This box does not include proceeds from regulated futures contracts or Section 1256 option contracts. Report this amount on Form 8949 or on Schedule D (Form 1040) (whichever is applicable) as explained in the Instructions for Schedule D (Form 1040).
**Box 1e.** Shows the cost or other basis of securities sold. If the securities were acquired through the exercise of a noncompensatory option granted or acquired on or after January 1, 2014, the basis has been adjusted to reflect your option premium. If the securities were acquired through the exercise of a noncompensatory option granted or acquired before January 1, 2014, your broker is permitted, but not required, to adjust the basis to reflect your option premium. If the securities were acquired through the exercise of a compensatory option, the basis has not been adjusted to include any amount related to the option that was reported to you on a Form W-2. If box 5 is checked, box 1e may be blank. See the Instructions for Form 8949, the Instructions for Schedule D (Form 1040), or Pub. 550 for details.
*(Continued on the back of Copy 2.)*

☐ **CORRECTED ( If checked )**

| PAYER'S name, street address, city or town, state or province, country, ZIP or foreign postal code, and telephone no<br>Department of Defense<br>1000 DEFENSE PENTAGON<br>WASHINGTON DC 20301<br>US - Phone:703-697-5131 | | Applicable checkbox on Form 8949<br>X | OMB No. 1545-0715<br>**2025**<br>Form 1099-B | Proceeds From Broker and Barter Exchange Transactions |
|---|---|---|---|---|
| | | 1a Description of property (Example: 100 sh. XYZ Co.)<br>15538 Kiplands Bend Dr Houston TX 77014 | | |
| PAYER'S TIN<br>31-1575142 | RECIPIENT'S TIN<br>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 | 1b Date acquired<br>01/01/2025 | 1c Date sold or disposed<br>12/31/2025 | **Copy B** |
| RECIPIENT'S name, address,City or town, state or province, ZIP/ postal code & Country<br>CHANEE COLEMAN<br>15538 Kiplands Bend Dr<br>Houston TX 77014<br>US | | 1d Proceeds<br>$ 1413910.00 | 1e Cost or other basis<br>$1413910.00 | **For Recipient** |
| | | 1f Accrued market discount<br>$0.00 | 1g Wash sale loss disallowed<br>$0.00 | This is important tax information and is being furnished to the IRS. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this income is taxable and the IRS determines that it has not been reported. |
| | | 2 Short-term gain or loss ☐<br>Long-term gain or loss ☐<br>Ordinary     ☐ | 3 If checked, proceeds from:<br>Collectibles ☐<br>QOF ☐ | |
| Account number (see instructions)<br>718847751798 | | 4 Federal income tax withheld<br>$ 339338.00 | 5 If checked, noncovered security ☑ | |
| CUSIP number<br>XXXXXXXXX | FATCA filing requirement<br>☐ | 6 Reported to IRS:<br>Gross proceeds ☐<br>Net proceeds ☐ | 7 If checked, loss is not allowed based on amount in 1d ☐ | |
| | | 8 Profit or (loss) realized in 2025 on closed contracts<br>$ | 9 Unrealized profit or (loss) on open contracts—12/31/2024<br>$ | |
| 14 State name | 15 State identification no. | 16 State tax withheld<br>$ 0.00 | 10 Unrealized profit or (loss) on open contracts—12/31/2025<br>$ | 11 Aggregate profit or (loss) on contracts<br>$ | |
| | | | 12 If checked, basis reported to IRS ☐ | 13 Bartering<br>$0.00 | |

Form**1099-B**          www.1099Online.com - IRS Approved e File Provider          www.irs.gov/Form1099B

**Instructions for Recipient**

Brokers and barter exchanges must report proceeds from (and in some cases, basis for) transactions to you and the IRS on Form 1099-B. Reporting is also required when your broker knows or has reason to know that a corporation in which you own stock has had a reportable change in control or capital structure. You may be required to recognize gain from the receipt of cash, stock, or other property that was exchanged for the corporation's stock. If your broker reported this type of transaction to you, the corporation is identified in box 1a.

**Recipient's taxpayer identification number (TIN).** For your protection, this form may show only the last four digits of your TIN (SSN, ITIN, ATIN, or EIN). However, the issuer has reported your complete TIN to the IRS.
**Account number.** May show an account or other unique number the payer has assigned to distinguish your account.
**CUSIP number.** Shows the CUSIP (Committee on Uniform Security Identification Procedures) number or other applicable identifying number.
**BFATCA filing requirement.** If the FATCA filing requirement box is checked, the payer is reporting on this Form 1099 to satisfy its account reporting requirement under chapter 4 of the Internal Revenue Code. You may also have a filing requirement. See the Instructions for Form 8938.
**Applicable checkbox on Form 8949.** Indicates where to report this transaction on Form 8949 and Schedule D (Form 1040), and which checkbox is applicable. See the Instructions for your Schedule D (Form 1040) and/or Form 8949.
**Box 1a.** Shows a brief description of the item or service for which amounts are being reported. For regulated futures contracts and forward contracts, "RFC" or other appropriate description may be shown. For Section 1256 option contracts, "Section 1256 option" or other appropriate description may be shown. For a corporation that had a reportable change in control or capital structure, this box may show the class of stock as C (common), P (preferred), or O (other).

**Box 1b.** This box may be blank if box 5 is checked or if the securities sold were acquired on a variety of dates. For short sales, the date shown is the date you acquired the security delivered to close the short sale.

**Box 1c.** Shows the trade date of the sale or exchange. For short sales, the date shown is the date the security was delivered to close the short sale. For aggregate reporting in boxes 8 through 11, no entry will be present.
**Box 1d.** Shows the cash proceeds, reduced by any commissions or transfer taxes related to the sale, for transactions involving stocks, debt, commodities, forward contracts, non-Section 1256 option contracts, or securities futures contracts. May show the proceeds from the disposition of your interest(s) in a widely held fixed investment trust. May also show the aggregate amount of cash and the fair market value of any stock or other property received in a reportable change in control or capital structure arising from the corporate transfer of property to a foreign corporation. Losses on forward contracts or non-Section 1256 option contracts are shown in parentheses. This box does not include proceeds from regulated futures contracts or Section 1256 option contracts. Report this amount on Form 8949 or on Schedule D (Form 1040) (whichever is applicable) as explained in the Instructions for Schedule D (Form 1040).
**Box 1e.** Shows the cost or other basis of securities sold. If the securities were acquired through the exercise of a noncompensatory option granted or acquired on or after January 1, 2014, the basis has been adjusted to reflect your option premium. If the securities were acquired through the exercise of a noncompensatory option granted or acquired before January 1, 2014, your broker is permitted, but not required, to adjust the basis to reflect your option premium. If the securities were acquired through the exercise of a compensatory option, the basis has not been adjusted to include any amount related to the option that was reported to you on a Form W-2. If box 5 is checked, box 1e may be blank. See the Instructions for Form 8949, the Instructions for Schedule D (Form 1040), or Pub. 550 for details.
*(Continued on the back of Copy 2.)*