IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**CHANEE TENNILLE COLEMAN,**

Plaintiff, §

§

v. § **CIVIL ACTION NO. 4:26-cv-02265**

§

§

**UNITED STATES OF AMERICA;**

**SECRETARY OF HOUSING AND URBAN DEVELOPMENT;**

**IDAHO HOUSING AND FINANCE ASSOCIATION (Lender);**

**HOMELOANSERV;**

**P.C.F. PROPERTIES IN TX, LLC;**

**and ADDITIONAL UNKNOWN PERSONS OR ENTITIES CLAIMING INTERESTS THROUGH ASSIGNMENTS, SECURITIZATION, FORECLOSURE PROCEEDINGS, OR CONVEYANCES, AND ALL PERSONS OR ENTITIES UNKNOWN CLAIMING RIGHT, TITLE, OR INTEREST IN THE REAL PROPERTY DESCRIBED HEREIN,** Defendants.

---

**NOTICE OF FILING:**

**PLAINTIFF'S SECOND AMENDED VERIFIED PETITION AND COMPLAINT BILL TO QUIET TITLE AGAINST ALL THE WHOLE WORLD PURSUANT TO THE QUIET TITLE ACT OF 1972; COMPLAINT FOR DECLARATORY JUDGMENT; COMPLAINT FOR EQUITABLE ACCOUNTING; COMPLAINT FOR EQUITABLE REDEMPTION; COMPLAINT FOR RESCISSION; COMPLAINT FOR CANCELLATION OF INSTRUMENTS; COMPLAINT FOR CONSTRUCTIVE TRUST; COMPLAINT FOR EQUITABLE ESTOPPEL; COMPLAINT FOR ANCILLARY EQUITABLE RELIEF; APPLICATION FOR TEMPORARY RESTRAINING ORDER; APPLICATION FOR PRELIMINARY INJUNCTION; APPLICATION FOR PERMANENT INJUNCTION;**

**APPLICATION FOR PRESERVATION OF EVIDENCE; AND NOTICE OF DISCLOSURE OF PARTIES AND PERSONS OR ENTITIES CLAIMING OR POTENTIALLY CLAIMING AN INTEREST IN THE SUBJECT ESTATE AND THE ESTATE'S ASSOCIATED REAL PROPERTY**

---

**Plaintiff respectfully file this Verified Petition and Complaint and allege as follows:**

**I. Subject Real Property ("The Estate")**

1. This action involves a cloud on title and adverse claims surrounding the unique parcel of real property located in Harris County, Texas, addressed as **15538 Kiplands Bend Dr., Houston, TX 77014** and legally described as follows:

**LOT 45, IN BLOCK 2, OF BAMMEL VILLAGE SEC. 2, REPLAT NO. 1, AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED UNDER FILM CODE NO. 587230 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.**

This specific real property, including its underlying land, improvements, and associated beneficial legal interests, is hereinafter referred to collectively as "**the Estate**" or "the **Subject Property**."

**II. Jurisdiction and Venue**

2. This Court has original subject-matter jurisdiction over this action pursuant to **28 U.S.C. § 1331 (Federal Question Jurisdiction)** because multiple claims asserted herein arise directly under the laws of the United States, specifically the **Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq.**, and its implementing regulations, **Regulation X, 12 C.F.R. § 1024.41**.

3. This Court further possesses subject-matter jurisdiction pursuant to **28 U.S.C. § 2410 (Actions Affecting Property on Which United States Has a Lien)** because this is a civil action to quiet title to real property in which an agency of the United States—the **Secretary of Housing and Urban Development (HUD)**—claims a looming, beneficial, or security interest, and for which the United States has expressly waived sovereign immunity.

4. This Court possesses **Supplemental Jurisdiction pursuant to 28 U.S.C. § 1367** over Plaintiff's state common law claims, including Statutory Wrongful Foreclosure, Declaratory Judgment, and Equitable Accounting, because these state law claims are so related to the federal RESPA and quiet title claims that they form part of the same active case or controversy and arise from an identical nucleus of operative facts.

5. Venue is proper in the Southern District of Texas, Houston Division, pursuant to **28 U.S.C. § 1391(b)(2)** and **28 U.S.C. § 1402(d)**, because the real property that is the subject of this title dispute—addressed as 15538 Kiplands Bend Dr., Houston, Texas 77014—is situated entirely within Harris County, Texas, which lies squarely within this judicial district and division.

## III. Notice of Disclosure of Parties and Claimants

6. Plaintiff identifies the named Defendants as known persons and entities whose records, actions, participation, asserted interests, or official responsibilities may bear upon the matters alleged herein.

7. Known interested parties include:

    a. The United States of America, through the Secretary of Housing and Urban Development.

    b. The Secretary of Housing and Urban Development, in their official capacity by virtue of FHA loans.

    c. Idaho Housing and Finance Association, acting as the documented Lender.

    d. HomeLoanServ, acting as the documented servicer.

    e. P.C.F. Properties in TX, LLC.

    f. All unknown persons or entities claiming right, title, or interest through assignments, securitization, foreclosure proceedings, or conveyances whose identities are presently unknown.

## IV. General Factual Allegations

8. A dispute has arisen regarding the valid title, lien chain, and ownership status of the Subject Property.

9. Plaintiff denies the validity of any unverified foreclosure filings, assignment chains, or unproduced original promissory notes associated with Idaho Housing and Finance Association or any third-party assignees affecting the property.

10. Plaintiff denies that any underlying debt or mortgage lien actively exists in an enforceable format without the full, verified production of an admissible, clean accounting ledger from the defendants.

11. Plaintiff denies that any entity had the right to act for the plaintiff or sign any trustee deed for the plaintiff.

12. Plaintiff purchased the Subject Property and has made payments since 2018. However, Defendant Idaho Housing and Finance Association, through its servicer HomeLoanServ, has systematically misapplied, unapplied, or failed to credit multiple severe lump-sum payments and routine monthly payments made by or on behalf of Plaintiff.

13. Specifically, Defendant failed to properly account for and accurately apply substantial lump-sum funds delivered on behalf of Plaintiff through the Texas Homeowner Assistance Fund (TXHAF), a federal housing relief initiative.

14. Furthermore, Defendants received and retained massive lump-sum insurance recovery payments via FHA partial claims intended to modify, stabilize, and bring Plaintiff's account current. Despite receiving these guaranteed federal funds, Defendants failed to reflect these offsets on the face of the active ledger, artificially inflating the alleged default amount.

15. In June 2024, following the expiration of an unemployment forbearance program, HomeLoanServ explicitly offered Plaintiff a loan modification and partial claim package to finalize the account's current status. Defendants' agents expressly stated the loss mitigation review process would take 90 to 120 days to execute.

16. In October/November 2025, Plaintiff contacted HomeLoanServ for a status update. Defendants falsely claimed the modification could not be finalized due to an active Small Business Administration (SBA) lien on the property. Plaintiff verified directly with the SBA that no such lien existed. Upon informing HomeLoanServ of this error, Defendants forced Plaintiff to submit a completely new loss mitigation application under the guise that the prior application had "expired"—a delay entirely manufactured by Defendants' own administrative errors.

17. While this second, complete loss mitigation application was actively pending under a new 90-to-120-day review period, Defendants abruptly halted the review process and accelerated the debt. Defendants engaged the services of Bonial & Associates to execute a non-judicial foreclosure and eventual transfer of the property, culminating in a transfer to P.C.F. Properties in TX, LLC.

18. On February 10, 2026, following a debt collection notice stating an inflated, unverified balance of $149,098.22, Plaintiff sent a timely written dispute and Request for Information (RFI) under RESPA demanding a full, certified accounting ledger. Defendants completely failed to provide a compliant, certified accounting breakdown, directly violating federal real estate settlement procedures.

## V. Count I: Quiet Title Against All Defendants

19. Plaintiff incorporates all preceding paragraphs.

20. Plaintiff seeks a complete judicial determination of every legal, equitable, beneficial, possessory, contractual, statutory, regulatory, fiduciary, trust, lien, security, and other interest claimed in or against the Subject Property.

21. Plaintiff requests that each Defendant be required to identify with particularity every interest it claims in the Subject Property, including the legal basis, supporting documents, dates of acquisition, assignments, and transfers.

22. Plaintiff requests that the Court remove every cloud upon title and declare unsupported, invalid, extinguished, satisfied, released, void, or legally ineffective claims to be without force or effect.

## VI. Count II: Declaratory Judgment

23. Plaintiff incorporates all preceding paragraphs.

24. An actual controversy exists concerning the Subject Property regarding the identity of all persons or entities claiming an interest, the validity and enforceability of any alleged notes or underlying deeds of trust, trustee deeds, the assignment histories, and the authority of the Defendants to execute foreclosure proceedings.

25. Plaintiff requests a declaration establishing the absolute rights, duties, interests, obligations, and limitations of each party with respect to the real property.

## VII. Count III: Equitable Accounting

26. Plaintiff incorporates all preceding paragraphs.

27. Plaintiff requests a complete equitable accounting of all transactions affecting the property, including principal, interest, escrow, taxes, assignments, servicing transfers, credits, debits, suspense balances, and any federal or private insurance recoveries.

## VIII. Count IV: Equitable Redemption

28. Plaintiff incorporates all preceding paragraphs.

29. Plaintiff request that the Court determine all statutory and equitable redemption rights under federal and Texas law before any sale, transfer, confirmation, title-altering event, or eviction is permitted.

## IX. Count V: Rescission and Cancellation of Instruments

30. Plaintiff incorporates all preceding paragraphs.

31. Plaintiff request cancellation, rescission, or reformation of any note, deed of trust, trustee deed, assignment, or foreclosure instrument determined to be void, voidable, executed without proper corporate authority, or unsupported by verified, admissible chains of evidence.

## X. Count VI: Preservation of Evidence

32. Plaintiff requests an order requiring each Defendant to preserve all documents, digital loan origination files, electronic servicing logs, transactional metadata, and communication records relating to the property, preventing any modification or purging of evidence pending a final ruling.

## XI. Count VII: Statutory Wrongful Foreclosure (Texas Common Law)

33. Plaintiff incorporates all preceding paragraphs by reference.
34. Under Texas law, a claim for wrongful foreclosure requires: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price.
35. The underlying foreclosure and subsequent property transfer were structurally defective because Defendant Idaho Housing and Finance Association lacked a contractually valid, contractually compliant right to foreclose. The default balance used to trigger the acceleration and sale was contractually incorrect, artificial, and fraudulent due to the systematic exclusion of Plaintiff's 2018–present payment history, the TXHAF grant, and FHA partial claim credits.
36. A foreclosing entity cannot lawfully execute a sale based on an intentionally corrupted, unverified debt calculation. Because Defendants manufactured the default through accounting non-feasance, the sale is void or voidable as a matter of law.

**XII. Count VIII: Violations of the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. § 2605; 12 C.F.R. § 1024.41 - Prohibition on Dual-Tracking)**

37. Plaintiff incorporates all preceding paragraphs by reference.
38. Defendant HomeLoanServ is a "servicer" as defined under RESPA, 12 U.S.C. § 2605(i)(2), and is bound by the mortgage servicing rules codified in Regulation X.
39. Pursuant to 12 C.F.R. § 1024.41(g), a servicer is strictly prohibited from advancing the foreclosure process, conducting a foreclosure sale, or executing title transfers if a borrower has submitted a complete loss mitigation application, unless the servicer has denied the application, the borrower rejects the option, or the borrower fails to perform.
40. Defendants directly violated 12 C.F.R. § 1024.41 by advancing foreclosure notices and executing an assignment/transfer of the estate while Plaintiff's loss mitigation application was actively under a mandated review timeline. This illegal practice, known as "dual-tracking," renders the resulting foreclosure sale procedurally defective and invalid.
41. Additionally, Defendants violated 12 U.S.C. § 2605(e) by failing to conduct a reasonable investigation and failing to provide the certified accounting records requested by Plaintiff on February 10, 2026. As a direct result of these statutory omissions, Plaintiff has suffered concrete financial injury, emotional distress, and imminent loss of her homestead.

**XIII. Application for Injunctive Relief**

42. Plaintiff requests temporary, preliminary, and permanent equitable relief preserving the status quo, explicitly prohibiting any non-judicial foreclosure sale, transfer of title, deed issuance, recording change, or eviction proceedings while this action is pending.

**XIV. Prayer for Relief**

WHEREFORE, Plaintiff respectfully request that the Court:

A. Assume jurisdiction over this action.

B. Require every Defendant to state with particularity the exact source and legal basis of any claimed interest.

C. Quiet title to the real property in favor of Plaintiff, and declare the underlying foreclosure sale, trustee's deeds, and subsequent title transfers to P.C.F. Properties in TX, LLC completely void, set aside, and canceled due to structural defects and federal statutory violations.

D. Order a complete equitable accounting and comprehensive disclosure of loan histories.

E. Issue necessary temporary and permanent injunctions protecting the property from foreclosure and eviction.

F. Grant such other and further relief as the Court deems just and proper.

G. Award Plaintiff actual damages, statutory damages, and equitable restitution pursuant to 12 U.S.C. § 2605(f) for Defendants' willful violations of federal mortgage servicing laws.

---

**VERIFIED DECLARATION**

I, Chanee Tennille Coleman, declare under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Respectfully tendered this 24th day of August, 2026 AD.

By: ______________________

Chanee Tennille Coleman
15538 Kiplands Bend Dr.
Houston, TX 77014
ph. 832-675-2663
email: chanee.coleman@gmail.com