**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CHANEE TENNILLE COLEMAN** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:26-cv-02265** |
| | § | |
| **UNITED STATES OF AMERICA, *et al.*** | § | |
| | § | |
| | § | |
| ***Defendants.*** | § | |

**DEFENDANT P.C.F. PROPERTIES IN TX, LLC'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Defendant P.C.F. Properties in TX, LLC ("P.C.F.") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth herein, the Court should dismiss the claims of Plaintiff Chanee Tennille Coleman ("Plaintiff") against P.C.F. due to her failure to state a claim.

**SUMMARY OF THE ARGUMENT**

The Court should dismiss all the claims against P.C.F. Plaintiff has sued P.C.F., because P.C.F. happened to purchase Plaintiff's house at a foreclosure sale. Plaintiff refers to P.C.F. substantively exactly one time in her Complaint. Despite naming P.C.F. as a defendant, Plaintiff's Second Amended Complaint (Dkt. 54, the "Complaint") alleges virtually no facts about, and asserts no claims specifically against, P.C.F. Indeed, the only substantive reference to P.C.F. is in the "General Factual Allegations" section of the Complaint,[1] where Plaintiff states that P.C.F. purchased Plaintiff's property in a foreclosure sale. (Dkt. 54, Complaint at ¶ 17) That is quite

[1] P.C.F. is mentioned by name in the caption, the "interested parties" section (¶ 7), and prayer for relief.

literally the only factual allegation concerning P.C.F. anywhere in the Complaint. P.C.F.'s name is nowhere to be found in the various causes of action asserted.

The Complaint simply does not assert any wrongdoing on P.C.F.'s part. Even if the facts in the Complaint are taken as true, Plaintiff has pled no viable claim for relief against P.C.F. Therefore, in accordance with Rule 12(b)(6), P.C.F. asks the Court to dismiss all of Plaintiff's claims against it with prejudice.

## **FACTUAL BACKGROUND**

Plaintiff has sued P.C.F. and numerous other Defendants due to the foreclosure of the property she claims to have previously owned at 15538 Kiplands Bend Dr., Houston, Texas 77014 (the "Property"). (Dkt. 54, Complaint at ¶¶ 1, 12, 17) Plaintiff alleges that P.C.F. purchased the Property from a foreclosure sale held by a company called Bonial & Associates. *Id.* at ¶ 17. Based on this sole factual allegation, Plaintiff has sued P.C.F. for quiet title, statutory wrongful foreclosure, RESPA violations, declaratory judgment, and an array of legally unavailable equitable relief. Plaintiff has not pled any facts against P.C.F. that state a violation of any law, or that have caused Plaintiff any injury.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Del Castillo v. PMI Holdings N. Am. Inc.*, No. 4:14-CV-03435, 2016 WL 3745953, at *2 (S.D. Tex. July 13, 2016) ("Rule 12(b)(6) must be read in conjunction with Rule 8(a)...."). A plaintiff must give a defendant fair notice of the claims and the grounds upon which such relief is sought. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Moreover, a pleading must

allege "factual information of some specificity as to each Defendant." *Dell, Inc. v. This Old Store, Inc.*, No. H-07-0561, 2007 WL 1958609, at *3 (S.D. Tex. July 2, 2007); *see also Del Castillo*, 2016 WL 3745953, at *13 (granting motion to dismiss where plaintiff lumped together allegations against eight distinct defendants). In a case such as this where there are multiple defendants, a plaintiff's allegations must be specific enough to discern what each particular defendant is alleged to have done wrong. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[W]e do not construe allegations contained in the Complaint against the 'defendants' as a group as properly imputable to any particular individual defendant unless the connection between the individual defendant and the [illegal conduct] is specifically pled."); *see also Armstrong v. Ashley*, 60 F.4th 262, 274 (5th Cir. 2023) (same).

To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Iqbal*, 556 U.S. at 679. In considering a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *See Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir. 2017).

In evaluating a motion to dismiss, a district court should employ a two-pronged approach. First, the Court should identify and set aside "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Second, the Court

should assume the veracity of the plaintiff's "well pleaded factual allegations . . . and then determine whether they plausibly give rise to an entitlement for relief." *Id.* If the factual allegations "do not permit the court to infer more than the mere possibility of misconduct," then the complaint fails to show a plausible claim for relief. *Id.* (citing FED. R. CIV. P. 8(a)(2)).

**ARGUMENT AND AUTHORITIES**

The Court should grant this Motion and dismiss the claims against P.C.F. with prejudice. Plaintiff has failed to state a claim against P.C.F. for which she may actually recover any relief. Plaintiff's claims against a Defendant must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Here, Plaintiff's only allegation about P.C.F. in the entirety of her Complaint is that P.C.F. received the Property as a result of the foreclosure sale. (Dkt. 54, Complaint at ¶ 17) However, Plaintiff has not pled any facts to suggest there was any wrongdoing on P.C.F.'s part. Indeed, the Complaint does not directly or specifically sue P.C.F. for *anything*. P.C.F.'s name is not even used anywhere in the "claims" section of the Complaint. Instead, Plaintiff lumps P.C.F. with the other Defendants for claims such as Quiet Title Against "All Defendants" and requests for declaratory judgment regarding ownership of the Property, rescission and cancellation of instruments, and more. However, in none of these claims does Plaintiff plead that P.C.F. violated any law or caused Plaintiff any injury, nor does Plaintiff specifically seek rescission of any instrument related to P.C.F. Dismissal is therefore proper.

**A. Plaintiff's Quiet Title Claim Fails as to P.C.F.**

Plaintiff fails to state a claim for quiet title against P.C.F. A plaintiff pleading a quiet title action must plead and prove: "(1) her right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on h[er] property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that

the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 Fed. Appx. 379, 382 (5th Cir. 2014); *see also Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

In her Complaint, Plaintiff does not plead any facts supporting a claim for quiet title against P.C.F. (Dkt. 54, Complaint at ¶¶ 19-22) Again, the only fact pled against P.C.F. is that it purchased the Property at a foreclosure sale. Plaintiff does not allege she has superior title to the Property, nor does she state any facts that would lead to a conclusion that Plaintiff has superior title. *Id.* at ¶¶ 19-22. Rather, Plaintiff alleges that she bought the Property and made payments. *Id.* at ¶ 12. Plaintiff then requests that the Court determine every interest in the Property, that each defendant prove its own interest, and that the Court remove any cloud on the title for the Property. *Id.* at ¶¶ 19-22. No facts are pled that would support a conclusion that P.C.F.'s claim to the Property is invalid or that its ownership of the Property creates a cloud over the title. Simply put, Plaintiff fails to plead any factual allegations supporting a valid claim for quiet title against P.C.F.

**B. Plaintiff's Wrongful Foreclosure Claim Fails as to P.C.F.**

Plaintiff also fails to state a claim against P.C.F. for wrongful foreclosure. The elements of wrongful foreclosure are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Houston v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). However, Plaintiff alleges no facts about the sale price, much less that it was grossly inadequate, and no causal link between the sale price and any defect. Her alleged defects concern the debt calculation and the right to foreclose. (Dkt. 54, Complaint at

¶¶ 35–36) None of these allegations are tied to P.C.F., whom she has not alleged to be the mortgagee, servicer, or substitute trustee. Plaintiff does not plead any facts against P.C.F. that support any of the required elements of wrongful foreclosure. Thus, Plaintiff has failed to state a claim for wrongful foreclosure against P.C.F.

### C. <u>Plaintiff's Claim for a Violation of RESPA Does Not Apply to P.C.F.</u>

Plaintiff also asserts a claim for a violation of the Real Estate Settlement Procedures Act ("RESPA") against "Defendants." However, Plaintiff has not alleged any facts that would support a RESPA claim against P.C.F. Specifically, Plaintiff contends that "Defendants" violated 12 U.S.C. § 2605 and the dual-tracking prohibition of 12 C.F.R. § 1024.41(g), which apply exclusively to loan servicers. (Dkt. 54, Complaint at ¶¶ 38-41) Plaintiff identifies HomeLoanServ, not P.C.F., as the "servicer" of her loan. *Id.* at ¶ 38. Nothing in the Complaint suggests that P.C.F. is the "servicer" of any loan involving Plaintiff. Thus, Plaintiff has failed to state a RESPA violation against P.C.F. and the Court should dismiss this claim as well.

### D. <u>Plaintiff's Claim for Equitable Redemption Also Fails.</u>

Plaintiff seeks equitable redemption for "any sale, transfer, confirmation, title-altering event, or eviction is [that] permitted." (Dkt. 54, Complaint at ¶ 29) However, to enforce any equitable right of redemption in a property subject to a mortgage, a plaintiff must: "(1) prove that the plaintiff has an equitable or legal interest in the property; (2) prove that the plaintiff is ready, willing and able to redeem the property by paying off the amount of valid and subsisting liens to which the property is subject; and (3) assert the claim 'before a foreclosure sale occurs because the equity of redemption terminates once a foreclosure sale occurs.'" *Kafi, Inc. v. Wells Fargo Bank, N.A.*, 131 F.4th 271, 279 (5th Cir. 2025) (citing *Scott v. Dorothy B. Schneider Est. Tr.*, 783

S.W.2d 26, 28 (Tex. App.—Austin 1990, no writ) (further citations omitted)). Here, Plaintiff has made no effort to plead these elements.

Instead, Plaintiff requests that the Court determine the rights of redemption before any sale occurs. (Dkt. 54, Complaint at ¶ 29) However, a foreclosure sale regarding the Property has already occurred. As recounted in the Complaint's fact section, the Property was sold to P.C.F. in a foreclosure sale. *Id.* at ¶ 17. Thus, Plaintiff cannot assert a claim for equitable redemption, as any possibility of equitable redemption terminated after the foreclosure sale took place. *Kafi, Inc.*, 131 F.4th at 279. As such, Plaintiff has failed to state a viable claim for equitable redemption.

### E. <u>Plaintiff Fails to State a Claim for Declaratory Judgment.</u>

Plaintiff also fails to state a claim for declaratory judgment. When, as here, a plaintiff has no viable causes of action, the plaintiff is also not entitled to declaratory judgment. Put simply, the purpose of the Declaratory Judgment Act is to settle actual controversies regarding the parties' legal rights. 28 U.S.C. § 2201; *Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000). Again, the only fact pled as to P.C.F. is that it obtained the Property in a foreclosure. There are no facts demonstrating that there is any dispute or controversy between Plaintiff and P.C.F., or that P.C.F. did anything to harm Plaintiff. A claim for declaratory judgment is not "ripe" if there is no controversy between the parties, and here, Plaintiff has not asserted any facts demonstrating a dispute with P.C.F.

In addition, the Act "creates no substantive rights" and "provides no relief unless there is a justiciable controversy"; a declaratory request is "remedial in nature and dependent upon the assertion of viable causes of action—meaning, a cause of action that could survive the Rule 12(b)(6) standard." *Maxwell v. Frost Bank*, No. 4:16-CV-00342-ALM-CAN, 2016 WL 11200221 (E.D. Tex. Dec. 23, 2016). Where a complaint seeks only a declaration and pleads no facts showing

a present controversy or no viable underlying claim, "no cause of action exists to which a declaratory judgment could attach as a remedy," and the claim is dismissed. *Id.*

Finally, it is also worth noting that Plaintiff does not plead that she seeks any declarations regarding P.C.F. Plaintiff states that there is an "actual controversy" regarding "the identity of all persons or entities claiming an interest, the validity and enforceability of any alleged notes or underlying deeds of trust, trustee deeds, the assignment histories, and the authority of the Defendants to execute foreclosure proceedings." (Dkt. 54, Complaint at ¶ 24.) Plaintiff then requests a "declaration establishing the absolute rights, duties, interests, obligations, and limitations of each party with respect to the real property." *Id.* at ¶ 25. Nowhere in Plaintiff's Complaint is there any indication of a controversy with P.C.F. or that Plaintiff seeks a declaration regarding P.C.F.'s rights. Accordingly, Plaintiff has failed to state a claim for declaratory relief.

**F. <u>The Remaining Counts are Remedies, not Independent Claims.</u>**

Plaintiff's requests for equitable accounting, rescission and cancellation of instruments, preservation of evidence, and injunctive relief are remedies or procedural requests that depend on a viable underlying claim. *Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 935 (N.D. Tex. 2014) (Under Texas law, "An accounting also is an equitable remedy that is not an independent cause of action.") (further citations omitted); *Garnica v. Argent Mortg. Co., LLC*, No. 4:13-CV-2331, 2014 WL 1338703, at *11 (S.D. Tex. Mar. 27, 2014) ("Under Texas law, recission is a remedy, not a separate cause of action.") (citing *Scott v. Sebree*, 986 S.W.2d 364, 368 (Tex. App.—Austin 1999, pet. denied)); *Crook v. Galaviz*, 616 Fed. Appx. 747, 753 (5th Cir. 2015) (holding that since injunctive relief is a remedy that must be supported by an underlying cause of action, the failure of Plaintiff's claims warrants dismissal of a request for an injunction); *see also Klay v.*

*United Healthgroup, Inc.*, 376 F.3d 1092, 1097 (11th Cir. 2004). Because none of Plaintiff's substantive claims survives against P.C.F., these requests fail as well.

Each of these requests also fails on its own terms. The equitable accounting request concerns transactions handled by Defendants IHFA and HomeLoanServ, not P.C.F. (Dkt. 54, Complaint at ¶¶ 12-16, 27) The rescission request is also conditional and conclusory, with the claim making no attempt to specify which deeds or documents it seeks to cancel or rescind, but blanketly refers to any of a variety of documents the Court may find to be "void, voidable, executed without proper corporate authority, or unsupported by verified, admissible chains of evidence." *Id.* at ¶ 31. The preservation of evidence request is a discovery matter, not a cause of action. Thus, each of these requests also fails to plead a plausible claim against P.C.F.

**G. Dismissal Should be with Prejudice.**

This is Plaintiff's Second Amended Complaint. Plaintiff has already had the opportunity to amend her Complaint, and she still fails to plead facts against P.C.F. that would give rise to any liability whatsoever. Plaintiff alleges nothing against P.C.F. other than the fact that it purchased the Property in a foreclosure sale. Further amendment would be futile, because all P.C.F. did was purchase property at a foreclosure. There is no way for Plaintiff to fix her claims against P.C.F. who has not had any interactions or dealings with Plaintiff directly. Buying a property at an auction does not make P.C.F. liable in any capacity to Plaintiff for the asserted claims. Accordingly, the Court should dismiss the claims against P.C.F. with prejudice.

## CONCLUSION

For these reasons, Defendant P.C.F. Properties in TX, LLC respectfully requests that the Court dismiss all of Plaintiff's claims against it with prejudice under Rule 12(b)(6) and grant such other relief to which it may be justly entitled.

Respectfully Submitted,

**KEAN MILLER LLP**

*/s/ Megan Rapp*
Megan Rapp
Texas Bar No: 24073924
Southern District No: 1260209
Zach Mathis
Texas Bar No. 24137490
Southern District No.: 3902317
1400 Woodloch Forest Drive, Suite 400
The Woodlands, Texas 77380
Telephone: (832) 494-1711
Facsimile: (888) 781-0162
Megan.Rapp@keanmiller.com
Zach.Mathis@keanmiller.com

**ATTORNEYS FOR DEFENDANT**
**P.C.F. PROPERTIES IN TX, LLC**

## CERTIFICATE OF CONFERENCE

I certify that I reached out to Plaintiff (pro se) regarding the relief sought in the Motion, and I did not receive any response from Plaintiff. Given the situation, I presume Plaintiff is opposed to the Motion.

*/s/ Megan Rapp*
Megan Rapp

## CERTIFICATE OF SERVICE

I certify that on October 29, 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF System and was served on all counsel and/or pro se parties pursuant to Federal Rule of Civil Procedure 5(b)(2).

*/s/ Megan Rapp*
Megan Rapp